The record on appeal is sparse. The facts presented below have been extracted from the record and briefs.
Willie G. Goldsmith was convicted of murder and was sentenced to life in prison without the possibility of parole. A later request for parole was denied by the Board of Pardons and Paroles. He filed a petition for certiorari review in the Circuit Court of Montgomery County, seeking review of the Board's decision and complaining that the Board had not given reasons for denying his parole. At this time he also filed a motion requesting permission to prosecute the petition in forma pauperis.
It appears that the trial court never acted upon Goldsmith's motion to prosecute the petition in forma pauperis, and because no filing fee was paid, the circuit clerk's office did not docket the action and assign it a case number. Nevertheless, the circuit issued an order dismissing the petition and addressed the merits of the petition in its order.
This Court notes that in the absence of a docket fee in the amount prescribed in *Page 1353 
§ 12-19-71(3), Ala. Code 1975,[1] or an approved in forma pauperis declaration, the petition for certiorari review was never properly before the trial court. The order dismissing the petition was a nullity.
Contrary to prior holdings of this court, see Ex partePowell, 674 So.2d 1258 (Ala. 1995) (appeal from the summary denial of a request to proceed in forma pauperis); Malone v.State, 687 So.2d 218 (Ala.Cr.App. 1996) (appeal from the summary denial of a request to proceed in forma pauperis);Lucas v. State, 597 So.2d 759, (Ala.Cr.App. 1992) (appeal from the summary denial of a request to proceed in forma pauperis), mandamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.
Mandamus is the proper remedy because, absent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject matter jurisdiction. Also, the refusal of the circuit court to accept a petition is not a final judgment and cannot therefore, support an appeal.
 " ' "It seems from the former decisions of this court that, when a cause is dismissed or stricken from the docket without more, it is not such a final judgment as will support an appeal.' '' '
Wilkerson v. Hagan, 265 Ala. 515, 516, 92 So.2d 901, 903 (Ala. 1957) (quoting Ex parte Adams, 216 Ala. 241, 242, 113 So. 235,236 (1927), quoting in turn Dorrough v. McKee, 264 Ala. 663,89 So.2d 77, 80 (Ala. 1956)).
In the present case, mandamus — not appeal — is the proper remedy; therefore, the appeal is due to be dismissed.
APPEAL DISMISSED.
All the Judges concur.
[1] The current docketing fee for filing a post-conviction petition is $ 110, § 12-19-71(3), Ala. Code 1975. Section12-19-70(b), Ala Code 1975, provides that the docket fee initially may be waived for an indigent petitioner and then may be taxed as costs at the conclusion of the case.