McMILLAN, Judge.
On January 8, 1998, the appellant filed an in forma pauperis declaration and a Rule 32, Ala.R.Crim.P., petition, in which he contended that he was entitled to a new sentencing hearing. He had been sentenced, a habitual offender with three prior convictions, to two sentences of life imprisonment without parole. [1] Specifically, the appellant argued that one of the prior convictions used to enhance his sentences had been vacated on October 27, 1993. On January 15, 1998, the trial court denied the appellant’s request to proceed in forma pauperis. On January 16, 1998, the court returned the Rule 32 petition to the appellant.
On appeal, the appellant argues that he was entitled to proceed in forma pauperis, *1051 without prepaying filing fees. He also argues that the trial court erred in dismissing his petition without proper review. In addition, he argues that he was entitled to a new sentencing hearing and to relief from his sentences of life imprisonment without parole.
The State notes that the appellant’s in forma pauperis declaration certified that the balance in his prison account was $20.00, an amount which has previously entitled a prisoner to pauper status. The State further notes that the appellant’s Rule 32 petition stated an apparently valid jurisdictional claim that had not been decided previously on the merits. The State therefore requests that this cause be remanded to the trial court.
However, a review of the record indicates that the appellant’s Rule 32 petition was returned by the trial court following his denial of the appellant’s request to proceed in forma pauperis, without the trial court’s ever ruling on the petition. Therefore, there is no final judgment from which the appellant may properly proceed to this Court. A writ of mandamus is the proper vehicle by which a petitioner may compel the trial court to proceed on a Rule 32 petition in which the trial court has denied the petitioner’s request to proceed in forma pauperis. Goldsmith v. State, 709 So.2d 1352 (Ala.Cr.App.1997), this appeal is due to be dismissed.
APPEAL DISMISSED.
All judges concur.

. The appellant states in his Rule 32 petition that he is challenging "Case No. CC-85-0439,” in which he was sentenced on "February 4th, 1986.” The case action summary reveals that the appellant first was convicted in case no. CC-85-0439 and sentenced on June 12, 1985. He was subsequently convicted in case no. CC-85-751 and sentenced on February 4, 1986. Both of the appellant's convictions were for the offense of robbery in the first degree, and upon application o the Habitual Felony Offender Act, he was sentenced on each conviction to life imprisonment without parole, based on three prior felony convictions.