BASCHAB, Judge.
The appellant, Lonzell Norwood, filed a petition for a writ of habeas corpus in the Escambia Circuit Court. Without requiring a response from the State, the circuit court summarily dismissed the petition, finding that it did not state a claim upon which relief could be granted. This appeal followed.
In his petition, the appellant challenges a “robbery” conviction. It is not clear from the record what degree of robbery he was convicted of committing, when he was convicted, or in what county he was convicted. However, each of the claims the appellant raises is cognizable in a petition for postconvietion relief pursuant to Rule 32, Ala. R.Crim. P.
“This court has consistently held that when a post-conviction petition styled as a petition for writ of habeas corpus is filed and the allegations raised in the petition are cognizable in a proceeding under Rule 32, [Ala.] R.Crim. P., the cause should be entertained in the court of original conviction and the petitioner should be given the opportunity to file a petition in the proper form as required by Rule 32.6(a).”
Glover v. State, 615 So.2d 1331, 1332 (Ala.Crim.App.1993). Accordingly, we reverse the circuit court’s judgment dismissing the appellant’s petition and remand this case to the circuit court with instructions that that court return the petition to the appellant so he can file a properly completed and verified Rule 32 petition challenging his robbery conviction. If the appellant does file a Rule 32 petition challenging his conviction, he should file it in the county in which he was originally convicted. See Rule 32.5, Ala. R.Crim. P.; Bandy v. State, 727 So.2d 892 (Ala.Crim.App.1998); Glover, supra.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.