The appellant, Shane Carpenter, appeals from the dismissal of his petition for habeas corpus, in which he attacks a prison disciplinary proceeding.
In processing this appeal, this Court realized that the trial court never ruled on Carpenter's affidavit of substantial hardship or his request to proceed in forma pauperis, see § 12-19-70, Ala. Code 1975, and that Carpenter never paid the docket fee in the circuit court. Because this issue affects the jurisdiction of the trial court to rule on the habeas corpus petition, we have, ex mero motu, noticed this defect in the proceedings. "`Jurisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex meromotu.'" Ex parte Hargett, 772 So.2d 481, 482
(Ala.Crim.App. 1999), quoting Nunn v. Baker, 518 So.2d 711,712 (Ala. 1987).
This Court in Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App. 1997), held that absent the payment of a filing fee or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition. See Ex parteBeavers, 779 So.2d 1223 (Ala. 2000). We believe that the same rationale applies to habeas corpus petitions. Because the trial court did not have jurisdiction to consider the merits of the habeas corpus petition, its judgment dismissing that petiiton is void, and this Court has no jurisdiction to consider this appeal; thus, this appeal is due to be dismissed.
We take this opportunity, however, to write to an issue that is becoming an ever increasing problem in this Court. Section 12-19-70, Ala. Code 1975, which addresses the waiving of the filing fee in circuit court, states:
 "(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
 "(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that *Page 850 
payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court."
(Emphasis added.)[1]
Here, the trial court attempted to invoke this statute by taxing the filing fee as costs at the end of the proceeding. However, the trial court did not approve the affidavit of substantial hardship before it ruled on the petition. Section 12-19-70 provides that a filing feeshall be collected at the time a complaint or a postconviction petition is filed, unless a verified statement of substantial hardship is approved, in which event the docket fee may initially be waived and then taxed as costs at the conclusion of the case. A trial court does not obtain jurisdiction of an action until either a filing fee is paid or the fee is properly waived according to § 12-19-70. The Alabama Supreme Court stated the following concerning § 12-19-70:
 "The use of the term `shall' in this provision [§ 12-19-70(a)] makes the payment of the filing fee mandatory. See Price v. Hunter, 388 So.2d 546, 547
(Ala. 1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint [petition] at the time of filing. No doubt the purpose behind the passage of this provision was to discourage the filing of frivolous suits and to insure that the clerks of the circuit court do not become `credit men.' Cf. Turkett v. United States, 76 F. Supp. 769 (N.D.N.Y. 1948) (holding that payment of the filing fee is a prerequisite to filing an action under Rule 3, Fed.R.Civ.P., which is identical to our Rule 3, and 28 U.S.C.A., § 549 (now 28 U.S.C.A., § 1914), which provides that the party instituting a civil action must pay a filing fee, and commenting, `Any other construction would open the door to actions without merit by irresponsible parties, and make the clerk a credit man, whose accountability might result in his personal loss,' 76 F. Supp. at 770)."
De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1220 (Ala. 1985).
No person should be permitted to file a postconviction petition without paying the requisite filing fee, unless the petition is accompanied by a court-approved verified statement of substantial hardship signed by the petitioner. Here, Carpenter filed a habeas corpus petition. This Court is aware that, `[I]n order to prevent "effectively foreclosed access" [to the courts], indigent prisoners must be allowed to file appeals and habeas corpus petitions without payment of docket fees.' Bounds v.Smith, 430 U.S. 817, 822, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)." Ex parteBeavers, 779 So.2d at 1224. However, Alabama has provided indigent defendants with a means to file habeas corpus petitions without prepaying the filing fees, see § 12-19-70. We urge the trial courts to comply with this statute when entertaining both habeas corpus petitions and Rule 32 petitions.
Here, the trial court's order was void for lack of jurisdiction. The trial court did not approve on the verified statement of substantial hardship. Because the trial court's actions were void, there is no judgment to support an appeal. McKinney v. State, 549 So.2d 166, 168
(Ala.Crim.App. 1989). *Page 851 
For the reasons stated above, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
Long, P.J., and McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] Habeas corpus petitions are considered civil actions for procedural purposes. Hoppins v. State, 451 So.2d 363 (Ala.Crim.App. 1982).