Michael E. St. John, an inmate at the Limestone Correctional Facility, Capshaw, Alabama, petitions this Court for a writ of mandamus directing the trial judge and the Court of Criminal Appeals to grant the petitioner's motions to proceed in forma pauperis in the trial court on a Rule 32, Ala.R.Crim.P., petition and on appeal of the trial judge's denial of that Rule 32 petition. We grant a writ for only partial relief, as the principal aspects of the petitioner's claims for relief are moot.
On July 26, 1999, the petitioner filed a Rule 32 petition challenging his 1984 conviction for breaking and entering a vehicle and his sentence of 25 years' imprisonment. The petitioner included with his Rule 32 petition a motion to proceed in forma pauperis and a supporting affidavit. On December 20, 1999, without ruling on the motion to proceed in forma pauperis, the trial judge denied the Rule 32 petition and ordered the Department of Corrections (DOC) to withdraw $114 from the petitioner's account to pay the court costs. On January 31, 2000, the petitioner appealed the denial of his Rule 32 petition to the Court of Criminal Appeals and filed a motion to proceed in forma pauperis onappeal and a supporting affidavit. On March 17, 2000, the Court of Criminal Appeals entered an order dismissing the petitioner's appeal on the ground that the trial judge's denial of the Rule 32 petition was a nullity that would not support an appeal. St. John v. State (No. CR-99-0843), 805 So.2d 800 (Ala.Crim.App. 2000) (table). Citing Goldsmithv. State, 709 So.2d 1352 (Ala.Crim.App. 1997), the Court of Criminal Appeals reasoned that, because the trial judge had failed to rule on the petitioner's motion to proceed in forma pauperis, the trial judge lacked jurisdiction to rule on the Rule 32 petition.
We note in passing that the Goldsmith rule will justify dismissing an appeal of a denial or a dismissal of a Rule 32 petition for lack of jurisdiction in the trial *Page 686 
court to enter the ruling only (a) if the record on appeal affirmatively
shows that the petitioner did not either pay the trial court filing fee or obtain leave to proceed in forma pauperis before the trial court as required by Rule 32.6(a), Ala.R.Crim.P., or (b) if, before the trial court, the State has challenged a failure by the petitioner to pay the trial court filing fee or to obtain the leave, or the trial court has dismissed the petition on such ground, and either the State or the petitioner has raised such failure as an issue on appeal. Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the trial court filing fee or that the trial judge has granted leave to proceed in forma pauperis before the trial court.
In dismissing the appeal of the trial judge's denial of the Rule 32 petition, the Court of Criminal Appeals noted in its order:
 "[T]he appellant is entitled to a ruling by the trial court on the in forma pauperis declaration that accompanied his Rule 32 petition. Should the trial court deny the appellant's in forma pauperis declaration, mandamus, not appeal, is the proper remedy to seek review of the trial court's action."
On May 17, 2000, the petitioner petitioned the Court of Criminal Appeals for a writ of mandamus directing the trial judge "to grant the petitioner Michael E. St. John the right to proceed in forma pauperis status onappeal." (Emphasis added.) The Court of Criminal Appeals dismissed that petition without opinion on June 22, 2000. The Court of Criminal Appeals never specifically ordered the trial judge to rule on the petitioner's motion to proceed in forma pauperis before the trial court on the Rule 32 petition.
On July 6, 2000, the petitioner petitioned this Court for a writ of mandamus in part either directing the trial judge to grant the petitioner's motion to proceed in forma pauperis or directing the Court of Criminal Appeals to explain why it dismissed his petition for a writ of mandamus when the trial judge had not yet complied with the March 17, 2000, suggestion by the Court of Criminal Appeals that he rule on the petitioner's motion to proceed in forma pauperis before the trial court. On September 11, 2000, this Court ordered the respondents — the trial judge and the State — to respond to the petitioner's claims with answers and briefs. On September 25, 2000, the trial judge grantedthe petitioner's motion to proceed in forma pauperis in the trial courtand then denied the petitioner's Rule 32 petition.
To the extent that the petitioner seeks relief requiring the trial judge to grant the petitioner's motion to proceed in forma pauperis in the trial court on the Rule 32 petition, the petition for a writ of mandamus is moot, see Ex parte Talladega Little League, Inc., 556 So.2d 386
(Ala. 1990), because the trial judge has by now granted this motion. In eventually granting this motion for leave to proceed in forma pauperis, however, the trial judge did not rescind that portion of his December 20, 1999, order which directed the DOC to withdraw funds from the petitioner's prison account to pay the $114 in court costs. Thus, we issue the writ to direct the trial judge to rescind that portion of the order and to notify DOC accordingly.
The petitioner also sought leave to proceed in forma pauperis to pursue the appeal which the Court of Criminal Appeals has already dismissed, as already discussed. Neither the trial court nor the Court of Criminal Appeals has granted the petitioner leave to proceed in forma pauperis on this already unsuccessful appeal, and the petitioner petitions us to direct that he be granted leave to proceed in *Page 687 
forma pauperis on this already unsuccessful appeal. This aspect of his petition for writ of mandamus to us, however, is moot too. Without leave to proceed in forma pauperis as an appellant, the petitioner has already received from the Court of Criminal Appeals exactly what he would have received if he had been given such leave. The Court of Criminal Appeals did not dismiss his appeal for any failure to pay appellate filing fees or to obtain leave to appeal in forma pauperis. The dismissal of his appeal was grounded, rather, on the absence of leave to proceed in forma pauperis in the trial court. That particular appeal has been concluded, and the petitioner has not been charged any money for it. Thus, we deny mandamus relief on the petitioner's complaint that the trial court and the Court of Criminal Appeals have failed to grant him leave to appeal in forma pauperis.
Finally, as this opinion has already recited, after the Court of Criminal Appeals dismissed the petitioner's appeal, the trial court, on September 25, 2000, eventually granted leave to proceed in forma pauperis before the trial court on the Rule 32 petition itself. The trial court thereby acquired jurisdiction over the Rule 32 petition, Goldsmith,supra, and Rule 32.6(a), Ala.R.Crim.P., and, with full jurisdiction, denied the Rule 32 petition. The petitioner does not claim to have appealed this September 25, 2000, denial of the Rule 32 petition. Thus, no issue relating to the September 25, 2000, denial is before us.
We deny as moot the petition for a writ of mandamus directing the trial judge and the Court of Criminal Appeals to grant the petitioner leave to proceed in forma pauperis in those courts. We do, however, issue a writ directing the trial judge to vacate that portion of his December 20, 1999, order which directs the DOC to withdraw $114 from Michael E. St. John's prison account to pay court costs, inasmuch as the trial judge thereafter granted the motion to proceed in forma pauperis before the trial court on September 25, 2000.
WRIT GRANTED.
Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., recuses himself.*
* Chief Justice Moore was the trial judge in this case.