Emanuel McWilliams is a state inmate incarcerated in the Holman Correctional Facility in Atmore. He petitions for a writ of mandamus directing the Court of Criminal Appeals to set aside its order taxing him $100 in costs pursuant to Rule 35A(b), Ala.R.App.P., as the docket fee for the filing of an appeal from an order of the Escambia Circuit Court. The appeal was from an order purporting to deny McWilliams's petition for postconviction relief. We grant the mandamus petition and issue the writ.
 Facts and Procedural History
On March 21, 1996, McWilliams was convicted in the Montgomery Circuit Court of capital murder. He was sentenced to life imprisonment without parole. The Court of Criminal Appeals affirmed McWilliams's conviction, by an unpublished memorandum, on June 20, 1997. McWilliams v. State (No. CR-95-1283), 717 So.2d 893 (Ala.Crim.App. 1997) (table).
On January 28, 2000, McWilliams filed in the Escambia Circuit Court a petition, styled as a "petition for writ of habeas corpus." In that petition, McWilliams claimed (1) that the trial court had been without jurisdiction to render a judgment or to impose a sentence because the statute under which he was charged was enacted pursuant to the Alabama Constitution of 1901, which, according to McWilliams, was adopted in violation of the United States Constitution, because, he says, it was enacted to establish white supremacy; (2) that the indictment charging him with the offense was void because it failed to show that at least 12 grand jurors voted to indict him and because the grand jury was not properly sworn in; and (3) that his arrest was not based on a valid finding of probable cause. To the petition, McWilliams attached an "Affidavit of Substantial Hardship," seeking leave to waive the docket fee required by § 12-19-70, Ala. Code 1975, and to be allowed to proceed in forma pauperis. Section 12-19-70, Ala. Code 1975, requires that a circuit court collect the docket fee for a postconviction petition at the time the petition is filed, unless the circuit court approves a verified statement of substantial hardship, in which event the docket fee may be initially waived and then taxed as costs at the conclusion of the case.[1] See § 12-19-70(b), Ala. Code 1975; Ex parte Carter,807 So.2d 534, 536 (Ala. 2001).
On February 4, 2000, without collecting a docket fee or ruling on McWilliams's request to be allowed to proceed in forma pauperis, the Escambia Circuit Court issued an order purporting to deny McWilliams's petition on the grounds that McWilliams had not pleaded sufficient facts to support his claims and that the petition failed to state a claim upon which relief could be granted. McWilliams appealed, and on June 23, 2000, by an unpublished memorandum, the Court of Criminal Appeals dismissed the appeal. McWilliams v. State (No. CR-99-1001),810 So.2d 816 (Ala.Crim.App. 2000) (table). The basis for the dismissal was that the Escambia Circuit Court had never obtained subject-matter jurisdiction to *Page 321 
consider McWilliams's petition, because it did not first collect a docket fee or rule on McWilliams's request to be allowed to proceed in formapauperis, and, thus, the circuit court's order purporting to deny McWilliams's petition was void. The Court of Criminal Appeals also noted that, regardless of how McWilliams styled his petition, his claims were cognizable in a petition for postconviction relief under Rule 32, Ala.R.Crim.P., and accordingly, he should have filed the petition in the Montgomery Circuit Court, the court of conviction.
On July 14, 2000 — approximately three weeks after it had dismissed McWilliams's appeal — the Court of Criminal Appeals issued an order taxing McWilliams $100 in costs, pursuant to Rule 35A(b), Ala.R.App.P., as the docket fee for filing the appeal. Rule 35A(b), Ala.R.App.P., which governs the docket fees for cases appealed to the Court of Criminal Appeals, authorizes the clerk of that court to collect from the appellant a $100 docket fee after the issuance of a certificate of judgment affirming the trial court's judgment or dismissing the appeal,[2] unless the appellant is proceeding in formapauperis, in which event the docket fee shall be waived.
On July 31, 2000, McWilliams filed in the Court of Criminal Appeals a petition, styled as a "petition for writ of mandamus," asking that court to set aside its order taxing him with the $100 docket fee for his appeal. The Court of Criminal Appeals denied the petition on September 29, 2000, without an opinion. Ex parte McWilliams (No. CR-99-2250),810 So.2d 816 (Ala.Crim.App. 2000) (table). On November 6, 2000, McWilliams petitioned this Court for a writ of mandamus directing the Court of Criminal Appeals to set aside its order taxing him with the $100 docket fee.
 Analysis
"The writ of mandamus is a drastic and extraordinary writ, to be `issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parteUnited Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993); see also Exparte Ziglar, 669 So.2d 133, 134 (Ala. 1995)." Ex parte Carter, supra,807 So.2d 534 at 536.
From a reading of the State's response to McWilliams's mandamus petition, it appears that the State mistakenly believes the relief McWilliams seeks is an order directing the Escambia Circuit Court to waive the docket fee required by § 12-19-70, Ala. Code 1975, for filing McWilliams's petition for postconviction relief in that court. The State argues that because the Escambia Circuit Court never collected a docket fee from McWilliams and never taxed him with the docket fee as costs, McWilliams has not established an entitlement to relief from any action of the circuit court. However, McWilliams is challenging the propriety of the $100 docket fee assessed by the Court of Criminal Appeals pursuant to Rule 35A(b), Ala.R.App.P.; he does not allege that the circuit court assessed a docket fee in his case.
In its unpublished memorandum dismissing McWilliams's appeal from the order of the Escambia Circuit Court purporting to deny his petition challenging his capital-murder conviction, the Court of Criminal Appeals correctly stated that the circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket *Page 322 
fee or granting a proper request to be allowed to proceed in formapauperis. "[A]bsent the payment of a filing fee [required by §12-19-70, Ala. Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition." Carpenter v. State,782 So.2d 848, 849 (Ala.Crim.App. 2000) (citing Goldsmith v. State,709 So.2d 1352, 1352-53 (Ala.Crim.App. 1997). See also, e.g., Ex parteBeavers, 779 So.2d 1223, 1224 (Ala. 2000). Thus, the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWilliams's postconviction petition was void. E.g., Carpenter, supra, 782 So.2d at 850;Goldsmith, 709 So.2d at 1353. Moreover, the Court of Criminal Appeals was correct in noting that despite the fact that McWilliams styled his petition as a "petition for writ of habeas corpus," the claims that McWilliams presented in the petition were cognizable in a petition for postconviction relief under Rule 32, Ala.R.Crim.P., and, accordingly, McWilliams should have filed the petition in the Montgomery Circuit Court, where his conviction for capital murder occurred. SeeCayson v. State, 778 So.2d 261, 262 (Ala.Crim.App. 2000) ("Rule 32.4, Ala.R.Crim.P., specifically provides that other than posttrial motions under Rule 24 and an appeal `any . . . post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32].'"); Magouirk v. State, 682 So.2d 507,507 (Ala.Crim.App. 1996) ("Because the appellant's petition contests the validity of his . . . conviction, it should have been construed as a petition for post-conviction relief under Rule 32, regardless of how the appellant styled it."); Rivera v. State, 615 So.2d 659,660 (Ala.Crim.App. 1992) ("Rule 32 petitions are properly entertained by the court in which the defendant was convicted. . . .").
Under the circumstances of this case, however, the Court of Criminal Appeals should not have dismissed McWilliams's appeal, but instead should have reversed the judgment of the Escambia Circuit Court purporting to deny McWilliams's petition and then should have remanded the cause with directions for the Escambia Circuit Court to transfer the case to the Montgomery Circuit Court, where McWilliams's conviction had occurred. That disposition is required under the provisions of Rule 32.5, Ala.R.Crim.P., and is consistent with the Court of Criminal Appeals' holdings in previous appeals involving appellants similarly situated.
Rule 32.5, Ala.R.Crim.P., provides:
 "Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred."
The Escambia Circuit Court is not the court of McWilliams's conviction; thus, it had "no authority to dispose of the petition." Hiett v. State,642 So.2d 492, 493 (Ala.Crim.App. 1993). On numerous occasions involving appeals from judgments denying petitions raising claims cognizable under Rule 32 that were filed in and decided by trial courts where the petitioners' convictions did not occur, the Court of Criminal Appeals has construed Rule 32.5 to require a reversal of the judgment denying such a petition and a remand of the cause with directions for the trial court to transfer it to the court where the petitioner's conviction occurred. See, e.g., Sloan v. State, 780 So.2d 805, 806 (Ala.Crim.App. 2000);Cayson, supra, 778 So.2d at 262-63; Jones v. State, 773 So.2d 507, 509
(Ala.Crim.App. 2000); Norwood v. State, 770 So.2d 1113, *Page 323 
1114 (Ala.Crim.App. 2000); Magouirk, supra, 682 So.2d at 508.
Here, because the claims in McWilliams's petition were cognizable in a petition for postconviction relief under Rule 32, Ala.R.Crim.P., the Escambia Circuit Court should have transferred the petition to the Montgomery Circuit Court, where McWilliams's conviction occurred. Accordingly, when McWilliams appealed from the judgment of the Escambia Circuit Court purporting to deny his petition, the Court of Criminal Appeals should have reversed the judgment of the circuit court and remanded the cause with directions for the Escambia Circuit Court to transfer the cause to the Montgomery Circuit Court. If the Court of Criminal Appeals had done this, instead of dismissing McWilliams's appeal, as it did, McWilliams's appeal would not have been subject to the $100 docket fee provided for in Rule 35A(b), Ala.R.App.P., because there would have been no final judgment either affirming the trial court's judgment or dismissing the appeal. See Rule 35A(b), Ala.R.App.P.[3]
Based upon our conclusion that the Court of Criminal Appeals erroneously assessed McWilliams the $100 docket fee, we conclude that McWilliams has established a clear legal right to have the order assessing him with the docket fee set aside. Furthermore, we are satisfied that, under the circumstances, a writ of mandamus is the only adequate means by which McWilliams can obtain the relief he seeks.
Thus, we grant the petition for the writ of mandamus. We direct the Court of Criminal Appeals to set aside its order taxing McWilliams $100 in costs as the docket fee for the filing of his appeal from the order of the Escambia Circuit Court. Concomitantly, we direct the Court of Criminal Appeals to set aside its order dismissing McWilliams's appeal and to remand the cause with directions for the Escambia Circuit Court to transfer the cause to the Montgomery Circuit Court. The Montgomery Circuit Court, as the circuit court of original jurisdiction, may address the claims in McWilliams's petition, which are cognizable under Rule 32, *Page 324 
Ala.R.Crim.P. However, before considering McWilliams's petition, the Montgomery Circuit Court should first either collect from McWilliams the docket fee required by § 12-19-70, Ala. Code 1975, or grant McWilliams's request to be allowed to proceed in forma pauperis.
PETITION GRANTED AND WRIT ISSUED.
Moore, C.J., and See, Harwood, and Stuart, JJ., concur.
[1] At the time McWilliams filed his petition in the Escambia Circuit Court, the docket fee for filing a postconviction petition was $140. § 12-19-71(a)(3), Ala. Code 1975. Effective October 1, 2000, the docket fee for cases filed in the circuit court was increased to $145. See § 12-19-71(b), Ala. Code 1975.
[2] The certificate of judgment in McWilliams's case was issued on July 11, 2000.
[3] Rule 35A(b), Ala.R.App.P., provides:
 "In appeals to the Court of Criminal Appeals, the clerk of that court, after a certificate of judgment is issued affirming in whole the judgment of the trial court or dismissing the appeal after the cause has been submitted to the court for a decision, shall collect from the appellant a $100.00 docket fee; however, if the appeal is by a defendant proceeding in forma pauperis, then the docket fee shall be waived. This $100.00 docket fee is in lieu of all other fees and costs that may have been prescribed by law for proceedings in the Court of Criminal Appeals as of January 1, 1995."
McWilliams's case serves to highlight the fact that unless a court of competent jurisdiction rules on a petitioner's request to be allowed to proceed in forma pauperis, before disposing of a postconviction petition, an indigent petitioner could be prevented from obtaining a waiver of the $100 docket fee authorized under Rule 35A(b) for defendants proceeding informa pauperis. A court without jurisdiction cannot make a valid grant ofin forma pauperis status. Moreover, pursuant to Rule 24, Ala.R.App.P., it is the trial court that makes the determination whether a party to an action may proceed in forma pauperis on appeal. A trial court that lacks jurisdiction to consider a postconviction petition cannot grant in formapauperis status to a defendant appealing from a ruling of the same trial court denying the postconviction petition. Here, the Court of Criminal Appeals assessed McWilliams with the $100 docket fee, even though his postconviction petition and his request to be allowed to proceed in formapauperis were never considered by a court of competent jurisdiction. Under the circumstances, McWilliams was effectively prevented from seeking the waiver of the $100 docket fee authorized under Rule 35A(b) for defendants proceeding in forma pauperis.