COBB, Judge.
Tony Lee Smith appeals from the circuit court’s denial of Smith’s petition for a writ of mandamus in which he requested the circuit court to direct the district court to rule on Smith’s in forma pauperis declaration. Smith had filed the in forma pauper-is declaration in conjunction with his filing of a Rule 32, Ala.R.Crim.P., petition. In ruling on this appeal, this Court takes judicial notice of the appellate records in cases no. CR-00-2164 and CR-01-0105, both prior appeals filed by Smith, as well as the record underlying the instant appeal.
On October 30, 2000, Smith filed a Rule 32 petition[1] and an in forma pauperis declaration in the district court of Calhoun County. On February 28, 2001, without ruling on the in forma pauperis declaration, the district court summarily dismissed the Rule 32 petition because, according to the district court, the petition was barred by the two-year limitations period in Rule 32.2. See Rule 32.2(c), Ala.R.Crim.P. Also on February 28, 2001, Smith filed a notice of appeal in the this Court from the denial of this Rule 32 petition. On March 10, 2001, while the appeal from the denial of his Rule 32 petition was pending, Smith filed a second in forma pauperis declaration in the district court, asserting that he had $3.17 in his prison account.
On March 29, 2001, this Court dismissed Smith’s appeal challenging the denial of his October Rule 32 petition. This Court found the action taken by the district court in dismissing Smith’s Rule 32 petition to be a nullity, because Smith did not pay a filing fee and his in forma pauperis declaration was not approved. “ ‘[Ajbsent the payment of a filing fee [required by § 12-19-70, Ala.Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition.’ ” Ex parte McWilliams, 812 So.2d 318, 321 (Ala.2001)(quoting Carpenter v. State, 782 So.2d 848, 849 (Ala.Crim.App.2000)).
In June 2001,[2] Smith filed a second Rule 32 petition in the district court. Apparently, the in forma pauperis declaration filed on March 10, 2001, was filed in contemplation of this petition. On June 21, 2001, the district court summarily denied the June *945 Rule 32 petition as being precluded by the two-year limitations period. On July 10, 2001,, Smith filed a petition for a writ of mandamus in this Court, complaining that the district court had erred in dismissing the June Rule 32 petition because the district court had not ruled on his in forma pauperis declaration. On August 6, 2001, before this Court ruled on Smith’s July mandamus petition, the district court issued orders denying Smith’s requests to be declared indigent that Smith had filed on October 30, 2000, and on March 10, 2001. On August 24, 2001, this Court dismissed the July mandamus petition on procedural grounds, without an opinion, Ex parte Smith, (No. CR-00-2164) 837 So.2d 899 (Ala.Crim.App.2001)(table). On October 12, 2001, Smith correctly filed a second petition for a writ of mandamus in this Court challenging the district court’s denial of his two Rule 32 petitions without having first ruled on Smith’s indigent status. On October 30, 2001, this Court, pursuant to § 12-11-30(4), Ala.Code 1975,[3] transferred the mandamus petition to the Circuit Court of Calhoun County. The circuit court dismissed Smith’s October mandamus petition, because that court found that the claims contained in the petition had been raised and addressed in prior proceedings. In the instant appeal, Smith challenges the circuit court’s denial of his October mandamus petition.
We reverse the circuit court’s ruling denying Smith’s October petition for mandamus relief. The records before the Court reflect that Smith is indigent — he has no more that $3.17 in his prison account.[4] In denying the mandamus petition, the circuit court was apparently considering the substance of the Rule 32 petition, which the court deemed procedurally barred. This is not permissible. As previously noted, “ ‘[AJbsent the payment of a filing fee [required by § 12-19-70, Ala.Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition.’ ” Ex parte McWilliams, 812 So.2d at 318 (quoting Carpenter v. State, 782 So.2d at 849). Thus, the orders of the district court denying Smith’s postconviction petitions were void. The circuit court is hereby ordered to vacate its order denying the Smith’s October petition for a writ of mandamus. “This case is therefore remanded to the circuit court for that court to consider [Smith’s] in forma pauperis request based solely on [Smith’s] ability to pay the filing fee.” Ex parte Pritchett, 832 So.2d 100, 101-02 (Ala.Crim.App.2002).
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.

. Smith was convicted on January 15, 1997. No direct appeal was taken.

. A specific date is not specified in the record.

. "The circuit court shall exercise a general superintendence over all district courts, municipal courts, and probate courts.” § 12-11-30(4), Ala.Code 1975.

. We note that the circuit court granted Smith’s motion for leave to appeal in forma pauperis. (See C.R. 82.)