On June 14, 2000, pursuant to a negotiated agreement, the appellant, Darnell Falenda Jackson, pled guilty to unlawful distribution of a controlled substance. He alleges that, on November 11, 2000, the trial court sentenced him to serve a term of six years in prison and that it enhanced his sentence by five years because the sale occurred within three miles of a school and an additional five years because the sale occurred within three miles of a public housing project. See
§§ 13A-12-250 and 13A-12-270, Ala. Code 1975. He did not appeal his conviction. On May 7, 2002, the appellant filed a Rule 32 petition, challenging his conviction. Without requiring a response from the State, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the circuit court's order dismissing his petition is void. Citing Goldsmith v. State, 709 So.2d 1352
(Ala.Crim.App. 1997), he contends that the circuit court did not have jurisdiction to rule on his petition because the record does not show that the circuit court granted his request to proceed in forma pauperis
and because the circuit court did not require him to pay the filing fee. The appellant correctly asserts that the record does not indicate that the circuit court granted his request to proceed in forma pauperis.[1]
In addition, the record does not indicate that the appellant paid the filing fee. *Page 158 
In Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App. 1997), Goldsmith filed a petition for a writ of certiorari and a request to proceed informa pauperis in the Montgomery Circuit Court. The circuit court apparently did not rule on his request to proceed in forma pauperis. Because Goldsmith had not paid the filing fee, the circuit clerk's office did not docket the case or assign a case number to it. However, the circuit court entered an order dismissing the petition, and Goldsmith appealed the circuit court's judgment to this court. We dismissed Goldsmith's appeal, holding that,
 "in the absence of a docket fee in the amount prescribed in § 12-19-71(3), Ala. Code 1975, or an approved in forma pauperis declaration, the petition for certiorari review was never properly before the trial court. The order dismissing the petition was a nullity."
Goldsmith, 709 So.2d at 1352-53 (footnote omitted).
Subsequently, in Ex parte St. John, 805 So.2d 684, 685-86 (Ala. 2001), the Alabama Supreme Court stated:
 "We note in passing that the Goldsmith rule will justify dismissing an appeal of a denial or a dismissal of a Rule 32 petition for lack of jurisdiction in the [circuit] court to enter the ruling only (a) if the record on appeal affirmatively
shows that the petitioner did not either pay the [circuit] court filing fee or obtain leave to proceed in forma pauperis before the [circuit] court as required by Rule 32.6(a), Ala.R.Crim.P., or (b) if, before the [circuit] court, the State has challenged a failure by the petitioner to pay the [circuit] court filing fee or to obtain the leave, or the [circuit] court has dismissed the petition on such ground, and either the State or the petitioner has raised such failure as an issue on appeal. Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the [circuit] court filing fee or that the [circuit] judge has granted leave to proceed in forma pauperis before the [circuit] court."
Finally, in Ex parte McWilliams, 812 So.2d 318 (Ala. 2001), McWilliams filed a petition for a writ of habeas corpus and an "Affidavit of Substantial Hardship" in the Escambia Circuit Court. The circuit court entered an order denying the petition, and McWilliams appealed the circuit court's judgment to this court. We dismissed McWilliams' appeal on the ground that the circuit court's order denying the petition was void because the circuit court had not ruled on McWilliams' request to proceed in forma pauperis or required McWilliams to pay the filing fee.[2]
Subsequently, we entered an order taxing the docket fee for the appeal to McWilliams. McWilliams filed a petition for a writ of mandamus with this court, requesting that we set aside our order taxing the docket fee to him. We denied the petition. McWilliams then filed in the Alabama Supreme Court a petition for a writ of mandamus directing this court to set aside its order taxing him with the docket fee. In its decision, the supreme court addressed the propriety of our previous decision dismissing McWilliams' appeal and stated:
 "Section 12-19-70, Ala. Code 1975, requires that a circuit court collect the docket fee for a postconviction petition at the time the petition is filed, unless *Page 159 
the circuit court approves a verified statement of substantial hardship, in which event the docket fee may be initially waived and then taxed as costs at the conclusion of the case. See § 12-19-70(b), Ala. Code 1975; Ex parte Carter, 807 So.2d 534, 536 (Ala. 2001).
". . . .
 "In its unpublished memorandum dismissing McWilliams's appeal from the order of the Escambia Circuit Court purporting to deny his petition challenging his capital-murder conviction, the Court of Criminal Appeals correctly stated that the circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pauperis. `[A]bsent the payment of a filing fee [required by § 12-19-70, Ala. Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition.' Carpenter v. State, 782 So.2d 848, 849
(Ala.Crim.App. 2000) (citing Goldsmith v. State, 709 So.2d 1352, 1352-53 (Ala.Crim.App. 1997)). See also, e.g., Ex parte Beavers, 779 So.2d 1223, 1224
(Ala. 2000). Thus, the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWilliams's postconviction petition was void. E.g., Carpenter, supra, 782 So.2d at 850; Goldsmith, 709 So.2d at 1353."
McWilliams, 812 So.2d at 320-22 (footnote omitted).[3]
Based on the statements in St. John and McWilliams, the supreme court's intent regarding cases like the one before us is not clear. Nevertheless, because we cannot ascertain from the record before us whether the appellant paid the filing fee or whether the circuit court granted the appellant's request to proceed in forma pauperis, we cannot properly address the appellant's argument that the circuit court did not have jurisdiction to rule on his petition. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant paid the required filing fee and whether it actually granted his request to proceed in forma pauperis. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court's written findings.
REMANDED WITH INSTRUCTIONS.*
McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.
[1] Although the circuit clerk's notice of appeal indicates that the appellant was granted indigency status in the circuit court and that indigency status was revoked on appeal, the record on appeal does not support those assertions.
[2] We also noted that McWilliams should have filed his petition in the Montgomery Circuit Court, where he was convicted, because his claims were cognizable in a Rule 32 petition.
[3] The supreme court also held that, because the petition should have been filed in the Montgomery Circuit Court, we should not have dismissed McWilliams' appeal. Rather, it held that we should have reversed the Escambia Circuit Court's judgment and remanded the case with instructions that that court transfer the petition to the Montgomery Circuit Court. Therefore, the supreme court held that McWilliams would not have been subject to the docket fee.
* Note from the reporter of decisions: On January 24, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion. *Page 160