WISE, Judge.
The appellant, Johnny Perkins, appeals the circuit court’s dismissal of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he challenged his May 1999 convictions for attempted murder and first-degree robbery and the resulting sentences of life imprisonment without the possibility of parole.[1] *300 On October 22, 1999, this Court affirmed Perkins’s convictions on direct appeal, by unpublished memorandum. See Perkins v. State, 796 So.2d 452 (Ala.Crim.App.1999) (table).
As best we are able to determine from the record, on November 7, 2001, Perkins filed a Rule 32 petition, alleging numerous claims of ineffective assistance of counsel. On May 7, 2002, the State filed a response and a motion to dismiss, with supporting exhibits. On June 5, 2002, the circuit court entered an order dismissing the petition. The court’s order specifically referenced the State’s exhibits and the fact that Perkins had proceeded pro se at trial.
On February 21, 2003, Perkins filed a second Rule 32 petition, alleging that he did not receive notice of the dismissal of his previous petition until December 13, 2002, and seeking an out-of-time appeal from the dismissal of his first Rule 32 petition. On March 25, 2003, the State filed a response, stating that the State was not opposed to Perkins’s being granted an out-of-time appeal from the dismissal of his first Rule 32 petition. On April 7, 2003, Perkins was granted an out-of-time appeal of the court’s June 5, 2002, dismissal of his first Rule 32 petition. This appeal followed.
Perkins argues that the circuit court’s order dismissing his petition is void. Citing Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), he contends that the circuit court did not have jurisdiction to rule on his petition because the record does not show that the circuit court granted his request to proceed in forma pau-peris and because the circuit court did not require him to pay the filing fee. Perkins correctly asserts that the record does not indicate that the circuit court granted his request to proceed in forma pauperis.[2] In addition, the record does not indicate that Perkins paid the filing fee.
In Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), this Court was asked to review the dismissal of Goldsmith’s petition for a writ of certiorari. However, our review of the record revealed that the circuit court had never ruled on Goldsmith’s request to proceed in forma pau-peris and that Goldsmith had not paid a filing fee. We dismissed Goldsmith’s appeal, holding that
“[i]n the absence of a docket fee in the amount prescribed in § 12-19-71(3), Ala.Code 1975, or an approved in forma pauperis declaration, the petition for certiorari review was never properly before the trial court. The order dismissing the petition was a nullity.”
709 So.2d at 1352-53 (footnote omitted).
Thereafter, the Alabama Supreme Court had occasion to review this issue in Ex parte St. John, 805 So.2d 684 (Ala.2001). That court stated:
“We note in passing that the Goldsmith rule will justify dismissing an appeal of a denial or a dismissal of a Rule 32 petition for lack of jurisdiction in the [circuit] court to enter the ruling only (a) if the record on appeal affirmatively shows that the petitioner did not either pay the [circuit] court filing fee or obtain leave to proceed in forma pauperis before the [circuit] court as required by Rule 32.6(a), Ala.R.Crim.P., or (b), if, before the [circuit] court, the State has challenged a failure by the petitioner to pay the [circuit] court filing fee or to obtain the leave, or the [circuit] court *301 has dismissed the petition on such ground, and either the State or the petitioner has raised such failure as an issue on appeal. Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the [circuit] court filing fee or that the [circuit] judge has granted leave to proceed in forma pauperis before the [circuit] court.”
805 So.2d at 685-86.
Subsequently, in Ex parte McWilliams, 812 So.2d 318 (Ala.2001), McWilliams filed a petition for a writ of habeas corpus and an application to proceed informa pauper-is in the Escambia Circuit Court. The circuit court entered an order denying the petition, and McWilliams appealed. We dismissed McWilliams’s appeal on the ground that the circuit court’s order denying the petition was void because the circuit court had not ruled on McWilliams’s request to proceed in forma pauperis and had not required McWilliams to pay the filing fee. Thereafter, we entered an order taxing the docket fee for the appeal to McWilliams. McWilliams filed a petition for a writ of mandamus with this court, requesting that we set aside our order taxing the docket fee to him. We denied the petition, and McWilliams petitioned the Alabama Supreme Court for mandamus relief, requesting that the Supreme Court direct this Court to set aside its order taxing him with the docket fee. In its decision, that court addressed the propriety of our previous decision dismissing McWilliams’s appeal, noting that “the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWil-liams’s postconviction petition was void.” 812 So.2d at 322.
Based on the Supreme Court’s decisions in St. John and McWilliams, this Court is uncertain as to the Supreme Court’s intent regarding cases like the one currently before us. Because we cannot ascertain from the record before us whether Perkins paid the filing fee or whether the circuit court granted his request to proceed in forma pauperis, we cannot properly address Perkins’s argument that the circuit court did not have jurisdiction to rule on his petition. See Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002). Likewise, the State has requested that we remand this case for the circuit court to make findings in this regard.
Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether it actually granted Perkins’s request to proceed informa pauper-is and whether Perkins paid the filing fee provided for in § 12-19-71(3). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the date of this opinion. The return to remand shall include the circuit court’s written findings.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. Based on his prior felony convictions, Perkins was sentenced to life imprisonment without parolé pursuant to § 13A-5-9, Ala.Code 1975, the habitual felony offender act.

. Although the circuit clerk’s notice of appeal indicates that Perkins was granted indigency status in the circuit court, the record on appeal does not support that assertion.

 Note from the reporter of decisions: On December 8, 2003, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.