COBB, Judge.
In May 14, 2003, Donald Earl Baker filed his fourth Rule 32, Ala. R.Crim. P., petition in this case, along with an in forma pauperis declaration. After the State had responded, the circuit court summarily denied the petition on June 7, 2003. This appeal followed.
As the State and Baker point out, the record does not indicate either that the circuit court granted Baker’s motion to proceed in forma pauperis or that it assessed a filing fee against him. We have recently addressed a similar situation:
“In Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), Goldsmith filed a petition for a writ of certiorari and a request to proceed informa pauperis in the Montgomery Circuit Court. The circuit court apparently did not rule on his request to proceed informa pauper-is. Because Goldsmith had not paid the filing fee, the circuit clerk’s office did not docket the case or assign a case number to it. However, the circuit court entered an order dismissing the petition, and Goldsmith appealed the circuit court’s judgment to this court. We dismissed Goldsmith’s appeal, holding that,
“ ‘in the absence of a docket fee in the amount prescribed in § 12-19-71(3), Ala.Code 1975, or an approved in for-ma pauperis declaration, the petition for certiorari review was never properly before the trial court. The order dismissing the petition was a nullity.’
“Goldsmith, 709 So.2d at 1352-53 (footnote omitted).
“Subsequently, in Ex parte St. John, 805 So.2d 684, 685-86 (Ala.2001), the Alabama Supreme Court stated:
“ We note in passing that the Goldsmith rule will justify dismissing an appeal of a denial or a dismissal of a Rule 32 petition for lack of jurisdiction *243 in the [circuit] court to enter the ruling only (a) if the record on appeal affirmatively shows that the petitioner did not either pay the [circuit] court filing fee or obtain leave to proceed in forma pauperis before the [circuit] court as required by Rule 32.6(a), Ala. R.Crim. P., or (b) if, before the [circuit] court, the State has challenged a failure by the petitioner to pay the [circuit] court filing fee or to obtain the leave, or the [circuit] court has dismissed the petition on such ground, and either the State or the petitioner has raised such failure as an issue on appeal. Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the [circuit] court filing fee or that the [circuit] judge has granted leave to proceed in forma pauperis before the [circuit] court.’
“Finally, in Ex parte McWilliams, 812 So.2d 318 (Ala.2001), McWilliams filed a petition for a writ of habeas corpus and an ‘Affidavit of Substantial Hardship’ in the Escambia Circuit Court. The circuit court entered an order denying the petition, and McWilliams appealed the circuit court’s judgment to this court. We dismissed McWilliams’s appeal on the ground that the circuit court’s order denying the petition was void because the circuit court had not ruled on McWil-liams’s request to proceed in forma pauperis or required McWilliams to pay the filing fee. Subsequently, we entered an order taxing the docket fee for the appeal to McWilliams. McWilliams filed a petition for a writ of mandamus with this court, requesting that we set aside our order taxing the docket fee to him. We denied the petition. McWilliams then filed in the Alabama Supreme Court a petition for a writ of mandamus directing this court to set aside its order taxing him with the docket fee. In its decision, the supreme court addressed the propriety of our previous decision dismissing McWilliams’s appeal and stated:
“ ‘Section 12-19-70, Ala.Code 1975, requires that a circuit court collect the docket fee for a postconvietion petition at the time the petition is filed, unless the circuit court approves a verified statement of substantial hardship, in which event the docket fee may be initially waived and then taxed as costs at the conclusion of the case. See § 12-19-70(b), Ala.Code 1975; Ex parte Carter, 807 So.2d 534, 536 (Ala.2001).
[[Image here]]
‘“In its unpublished memorandum dismissing McWilliams’s appeal from the order of the Escambia Circuit Court purporting to deny his petition challenging his capital-murder conviction, the Court of Criminal Appeals correctly stated that the circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pau-peris. “[A]bsent the payment of a filing fee [required by § 12-19-70, Ala.Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a post-conviction petition.” Carpenter v. State, 782 So.2d 848, 849 (Ala.Crim.App.2000) (citing Goldsmith v. State, 709 So.2d 1352, 1352-53 (Ala.Crim.App.1997)). See also, e.g., Ex parte Beavers, 779 So.2d 1223, 1224 (Ala.2000). Thus, the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWilliams’s post-conviction petition was void. E.g., Carpenter, supra, 782 So.2d at 850; Goldsmith, 709 So.2d at 1353.’
*244 “McWilliams, 812 So.2d at 820-22 (footnote omitted).
“Based on the statements in St. John and McWilliams, the supreme court’s intent regarding cases like the one before us is not clear. Nevertheless, because we cannot ascertain from the record before us whether the appellant paid the filing fee or whether the circuit court granted the appellant’s request to proceed in forma pauperis, we cannot properly address the appellant’s argument that the circuit court did not have jurisdiction to rule on his petition. Accordingly, we remand this case to the circuit court with instructions that that court make specific, written findings regarding whether the appellant paid the required filing fee and whether it actually granted his request to proceed in forma pauperis.”
Jackson v. State, 854 So.2d 157, 159 (Ala.Crim.App.2002) (footnotes omitted).
Thus, on the authority of Jackson, we remand this cause to the circuit court for it to “make specific, written findings regarding whether the appellant paid the required filing fee and whether it actually granted his request to proceed in forma pauperis.” Jackson, 854 So.2d at 159. Due return to this court shall be made within 42 days of the release of this opinion, and the return to remand shall include the circuit court’s written findings.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.

On Return to Remand

COBB, Judge.
On October 31, 2003, this Court remanded this cause to the circuit court for that court to determine whether it had assessed a filing fee against Donald Earl Baker or whether it had granted Baker’s petition to proceed in forma pauperis in pursuing of his fourth Rule 32, Ala. R.Crim. P., petition. On return to remand, the circuit court states that Baker was in fact indigent but that it found no order granting Baker in forma pauperis status. The circuit court states that it “would grant such status if presented today, and, for what such act is worth, hereby grants retroactively, to the extent such can be done, in forma pauperis status to the Defendant herein.” (Order on return to remand, p. 2.)
However, we note that, because the record does not affirmatively show that Baker either paid a filing fee or was granted in forma pauperis status before the circuit court ruled on his petition, the petition was not properly before the circuit court when it summarily denied Baker’s petition. Ex parte St. John, 805 So.2d 684, 685-86 (Ala.2001). That is, the circuit court’s order denying Baker’s petition was void because that court did not have jurisdiction to entertain the petition. A void judgment will not support an appeal; therefore, this Court must dismiss Baker’s appeal. Id. See also Ex parte McWilliams, 812 So.2d 318 (Ala.2001).
In dismissing this appeal, we point out that Baker’s Rule 32 petition still stands as filed in the circuit court with its original filing date and awaits disposition, as does his petition to proceed in forma pauperis. The circuit court should first rule on the petition to proceed in forma pauperis, and, if it grants that request, the court should then rule on Baker’s Rule 32 petition. Baker’s remedy if the circuit court fails to do either of these is to file a petition for a writ of mandamus.
APPEAL DISMISSED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.