On October 31, 2003, this Court remanded this cause to the circuit court for that court to determine whether it had assessed a filing fee against Donald Earl Baker or whether it had granted Baker's petition to proceed in forma pauperis in pursuing of his fourth Rule 32, Ala. R.Crim. P., petition. On return to remand, the circuit court states that Baker was in fact indigent but that it found no order granting Baker in forma pauperis
status. The circuit court states that it "would grant such status if presented today, and, for what such act is worth, hereby grants retroactively, to the extent such can be done, in formapauperis status to the Defendant herein." (Order on return to remand, p. 2.)
However, we note that, because the record does not affirmatively show that Baker either paid a filing fee or was granted in forma pauperis status before the circuit court ruled on his petition, the petition was not properly before the circuit court when it summarily denied Baker's petition. Ex parte St.John, 805 So.2d 684, 685-86 (Ala. 2001). That is, the circuit court's order denying Baker's petition was void because that court did not have jurisdiction to entertain the petition. A void judgment will not support an appeal; therefore, this Court must dismiss Baker's appeal. Id. See also Ex parte McWilliams,812 So.2d 318 (Ala. 2001).
In dismissing this appeal, we point out that Baker's Rule 32 petition still stands as filed in the circuit court with its original filing date and awaits disposition, as does his petition to proceed in forma pauperis. The circuit court should first rule on the petition to proceed in forma pauperis, and, if it grants that request, the court should then rule on Baker's Rule 32 petition. Baker's remedy if the circuit court fails to do either of these is to file a petition for a writ of mandamus.
APPEAL DISMISSED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur. *Page 739