McMILLAN, Presiding Judge.
The appellant, Emory Cook, filed a Rule 32, Ala. R.Crim. P., petition attacking his conviction for third-degree burglary. Pursuant to a plea agreement with the State, he was sentenced to 20 years’ imprisonment in the state penitentiary. Cook did not appeal his conviction.
On the form Rule 32 petition, Cook indicated three grounds on which he sought relief: (1) the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief; (2) the court was without jurisdiction to render the judgment or to impose the sentence; and (3) newly discovered material facts exist that require that the conviction or sentence be vacated by the court. In his accompanying brief, Cook alleged that Leo Frazier of the Grove Hill Police Department made “a false and misleading statement” in order to obtain an arrest warrant and take to the grand jury. He further claimed that, because he is “functionally] illiterate,” he only recently discovered the facts of the crime to which he pleaded guilty in 1998 and that he is innocent of the crime of third-degree burglary. As support for his argument, Cook attached to his brief the affidavit of John L. Cook, the victim in this case. The affidavit stated that Cook “has never broken into any house or home or building I have ever owned.” The State moved to dismiss, arguing that Cook’s petition was procedurally barred by Rules 32.2(a)(4), (a)(5), (b), (c), and 32.6, Ala. R.Crim. P. The circuit court thereafter summarily denied the petition on the grounds pleaded by the State.
Because Cook does not argue on appeal the claims raised in his Rule 32 petition, he is deemed to have abandoned these issues, and this Court need not address them. Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).[1]
*311 Although he has abandoned the arguments raised in his petition, Cooks presents two new claims in his appellate brief. First, he alleges that he that he was not notified of the September 2002 denial of his first Rule 32 petition. This issue is barred from appellate review because it is raised for the first time on appeal. Lawhorn v. State, 756 So.2d 971 (Aa.Crim.App.1999).
He also argues that the circuit court did not have jurisdiction to dismiss the present petition. He claims that the circuit court neither granted his request to proceed in forma pauperis nor required him to pay the filing fee. The record on appeal does not indicate either that Cook paid the filing fee or that the circuit court granted his request to proceed in forma pauperis. Because this Court cannot determine from the record whether the circuit court had jurisdiction to deny Cook’s Rule 32 petition, remand is necessary. See Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002). Accordingly, this matter is remanded to the Clarke Circuit Court for that court to make written findings of fact regarding whether Cook paid the required filing fee or whether it granted his request to proceed in forma pauperis. Due return shall be made to this Court within 42 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. It should be noted, however, that the circuit court’s summary dismissal of this Rule 32 petition was correct. Rule 32.7(d). Cook's petition exceeded the one-year limitations pe *311 riod set out in Rule 32.2(c), because his conviction became final in 1998. The claims alleged in his petition did not constitute newly discovered evidence as defined by Rule 32.1(e).