On Application for Rehearing

SHAW, Judge.
The unpublished memorandum issued on November 21, 2003, is withdrawn and the following opinion is substituted therefor.
Jody Lee Maxwell appeals the circuit court’s denial of his Rule 32, Ala.R.Crim. P., petition for postconviction relief, in which he attacked his November 2000 conviction for manslaughter and his resulting sentence of 20 years’ imprisonment. This Court affirmed Maxwell’s conviction and sentence on direct appeal in an unpublished memorandum issued on August 17, 2001. See Maxwell v. State (No. CR-00-0936), 837 So.2d 889 (Ala.Crim.App.2001) (table). This Court issued a certificate of judgment on October 2, 2001.
On April 8, 2002, Maxwell filed his Rule 32 petition along with a request to proceed in forma pauperis. In his 180-page petition, Maxwell raised several claims, including ineffective assistance of trial counsel. The State filed a response, and the circuit court issued an order summarizing its understanding of the claims raised by Maxwell. In this order, the circuit court appointed counsel to represent Maxwell and scheduled a hearing on the petition.
At the hearing, Maxwell was the only person to testify. The only claim he pursued at the hearing was the ineffective-assistance-of-his-trial-counsel claim; he abandoned the remaining claims raised in his petition. Thereafter, the circuit court issued an order, finding that Maxwell had failed to establish that his trial counsel rendered ineffective assistance and denying his petition. In the unpublished memorandum that we are today withdrawing, we affirmed the trial court’s order denying Rule 32 relief.
In his application for rehearing, Maxwell contends that the circuit court did not have jurisdiction to rule on his petition because, he says, the circuit court did not grant his request to proceed in forma pauperis and that in light of Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App.1997), this Court should vacate the circuit court’s order denying his petition.
We have reviewed the record on appeal, and we are unable to ascertain from the record whether the circuit court had jurisdiction to rule on Maxwell’s petition. Thus, we find it necessary, as we did in Broadway v. State, 881 So.2d 1068 (Ala.Crim.App.2003), and Jackson v. State, 854 So.2d 157 (Ala.Crim.App.2002), to remand this case for the circuit court to make specific, written findings as to whether the circuit court actually granted Maxwell’s *428 request to proceed in forma pauperis[1] or whether Maxwell paid the filing fee. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings.
APPLICATION GRANTED; UNPUBLISHED MEMORANDUM OF NOVEMBER 21, 2003, WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. The circuit clerk’s notice of appeal indicates that Maxwell was granted indigency status in the circuit court and on appeal. (C. 280, 284.) However, as this Court determined in Broadway and Jackson, that assertion was not supported by the record on appeal.