ON APPLICATION POR REHEARING
MONTIEL, Judge.
The opinion issued in this cause on December 30, 1998, is withdrawn and the following is substituted therefor.
The appellant, Henry Smith, Jr., appealed from the summary dismissal of his Rule 32, A.R.Crim.P., petition attacking his convictions pursuant to a plea agreement for burglary in the third degree, robbery in the second degree, and escape in the second degree. The appellant was sentenced to 28 years’ imprisonment pursuant to the Habitual Felony Offender Act.
In his Rule 32 petition, the appellant claimed that the trial court never had jurisdiction to hear his case because, he says, the indictments charging him were void in that they were not signed by the grand jury foreman and in that he was not given 15 days’ notice before he entered his guilty plea. Further, he contends that his trial counsel was ineffective for not challenging the allegedly defective indictments and for allegedly coercing him into entering a plea of guilty to the charges.
The district attorney did not file an answer to the appellant’s petition, and the trial court dismissed the appellant’s petition without a hearing. The trial court’s order dismissing the appellant’s petition made no reference to the appellant’s allegation concerning lack of jurisdiction. Moreover, the record did not contain certified copies of the indictments; thus, this Court could not determine whether those indictments were proper. Therefore, this Court held the appellant’s petition was meritorious on its face, and in our December 30, 1993, opinion, we reversed the Marengo Circuit Court’s summary dismissal of the appellant’s Rule 32 petition and remanded the case to the circuit court for that court to hold *519 an evidentiary hearing on the appellant’s petition.
Subsequent to the issuance of our December 30, 1993, opinion, the circuit court issued an order that included certified copies of the indictments, which were in proper form and which thus established that the circuit court had jurisdiction to accept the appellant’s guilty pleas. The circuit court also in that order held that the appellant’s counsel was not ineffective for not challenging the indictments because those indictments were, in fact, valid. The circuit court’s order issued after this Court’s remand reflects pertinent portions of the record establishing that the appellant’s guilty pleas were not coerced by his attorney.
Therefore, the specific findings of the circuit court in its order following our remand and the record on return from remand support the circuit court’s summary dismissal of the appellant’s Rule 32 petition, and the judgment of the circuit court is due to be affirmed.
RULE 39(k), A.R.App.P., MOTION DENIED; APPLICATION OVERRULED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
All the Judges concur.