The appellant, Thomas Wayne Long, appeals from the trial court's dismissal of his petition purporting to be a petition for a writ of habeas corpus. He was convicted in the Circuit Court for Limestone County of attempted robbery in the second degree, see § 13A-8-42 and § 13A-4-2, Code of Alabama 1975. The appellant filed his petition in Montgomery County, where he was incarcerated.
The trial court found that the appellant's petition, although styled as a petition for a writ of habeas corpus, was actually a petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. The trial court dismissed the appellant's petition and directed him to file a petition in Limestone County, the county where he was convicted, should he desire to pursue the matter.
A review of the appellant's petition indicates that most of the claims are indeed cognizable under Rule 32. "This court has consistently held in numerous opinions that when a petition that is styled 'Petition for Writ of Habeas Corpus' is filed and the allegations raised therein are cognizable in a proceeding under Rule 32, the cause should be entertained in the court of original conviction." Drayton v. State,600 So.2d 1088 (Ala.Cr.App. 1992).
However, under Rule 32.5, Ala.R.Crim.P., the trial court where the petition is filed must transfer the petition to the circuit court of original conviction, not dismiss the petition.Brooks v. State, 630 So.2d 485 (Ala.Cr.App. 1993.). Rule 32.5 states: "Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferredto the court where the conviction occurred." (Emphasis added.)
The judgment of the trial court dismissing the petition is reversed and this cause is remanded to the Circuit Court for Montgomery County with directions that that court transfer the appellant's petition to the court of original conviction, i.e., the Circuit Court for Limestone County, in accordance with Rule 32.5, Ala.R.Crim.P.
REVERSED AND REMANDED.
All the Judges concur.