The appellant, Curtis M. Magouirk, filed a petition styled as a "motion for writ of habeas corpus" with the Jefferson Circuit Court, challenging his 1971 conviction in the Calhoun Circuit Court for murder. The petition, as near as we can discern, alleges that on the appellant's direct appeal from that conviction, there was no true and original copy of the record. Beginning in the 1970s, the appellant has filed a series of petitions of error coram nobis; Ala.R.Crim.P.Temp., Rule 20 petitions; Rule 32, Ala.R.Crim.P., petitions; and state and federal habeas corpus petitions — all attacking the conviction. In several of these petitions, the appellant raised the very claim he raises in his present petition. In an unpublished memorandum issued in a prior appeal from the trial court's denial of one of these petitions, this court found that the petition raised issues already addressed by the courts, that it was successive, and that it was filed outside the two-year limitations period in Rule 32. Magouirk v. State,668 So.2d 945 (Ala.Cr.App. 1995) (table); see Rules 32.2(a)(4), (5), 32.2(b), and 32.2(c), Ala. R. Crim. P. It appears that the appellant's present petition was styled as a habeas corpus petition deliberately to avoid the procedural bars of Rule 32.
Because the appellant's petition contests the validity of his 1971 conviction, it should have been construed as a petition for post-conviction relief under Rule 32, regardless of how the appellant styled it. See Brooks v. State, 612 So.2d 544
(Ala.Cr.App. 1992). It is clear from the record that the Jefferson Circuit Court judge was aware of this. The Jefferson Circuit Court notified *Page 508 
the appellant that his petition raised a claim cognizable under Rule 32 and informed him that he should properly have filed the petition in the Calhoun Circuit Court, the court of his conviction. The Jefferson Circuit Court then gave the appellant 30 days to respond to its findings in this regard. When the appellant failed to respond within 30 days, the Jefferson Circuit Court dismissed his petition.
However, the Jefferson Circuit Court did not have jurisdiction to dismiss the appellant's petition. Hiett v.State, 642 So.2d 492 (Ala.Cr.App. 1993). Instead of dismissing the petition, the Jefferson Circuit Court should have transferred the matter to the Calhoun Circuit Court and returned the petition to the appellant, allowing him the opportunity to file a proper Rule 32 petition in the court of his conviction. See Hiett, 642 So.2d at 494.
Accordingly, the judgment of the circuit court dismissing the petition is reversed, and this cause is remanded with directions that the Jefferson Circuit Court transfer the matter to the Calhoun Circuit Court and return the petition to the appellant so that he may have the opportunity to file a petition in the proper form required by Rule 32.6, Ala.R.Crim.P.
We would be remiss if we did not observe that should the appellant refile a proper Rule 32 petition in the Calhoun Circuit Court presenting only the same claim presented in his "habeas" petition — a claim that, as we have noted, has previously been presented in numerous other post-conviction petitions filed by the appellant — it will be an act of utmost futility. The Rule 32 petition will clearly be procedurally barred by the provisions of Rules 32.2(a), 32.2(b), and 32.2(c), Ala.R.Crim.P. The appellant will be wasting his and the court's time. However, it is the appellant's option to have the Calhoun Circuit Court (once again) tell him so.
REVERSED AND REMANDED.
All Judges concur.