The appellant, Joe H. Bandy, Jr., appeals from the circuit court's dismissal of his petition styled as a petition for a writ of habeas corpus. He was convicted in the Circuit Court for Lee County of the unlawful possession of a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975, and his conviction was affirmed on direct appeal in an unpublished memorandum. Bandy v. State, 689 So.2d 1016 (Ala.Cr.App. 1996) (table). Although when he filed his petition the appellant was incarcerated in Escambia County and his petition, as a petition for writ of habeas corpus, should therefore have been filed in Escambia Circuit Court, see §15-21-6, Code of Alabama 1975, he filed his petition in Montgomery County.
The Montgomery Circuit Court found that the appellant's petition was actually a petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., and the court dismissed the petition as successive.
A review of the appellant's petition indicates that the circuit court correctly determined that the appellant's claims were properly cognizable under Rule 32, rather than by a petition for a writ of habeas corpus. Contrary to the appellant's contention, *Page 893 
a petition for the writ of habeas corpus filed in state court is not the appropriate method by which to seek relief from a conviction or sentence. Drayton v. State, 600 So.2d 1088, 1090 (Ala.Cr.App. 1992). "This Court has consistently held that when a post-conviction petition styled as a petition for writ of habeas corpus is filed and the allegations raised in the petition are cognizable in a proceeding under Rule 32, Ala.R.Crim.P., the cause should be entertained in the court of original conviction." Glover v. State,615 So.2d 1331, 1332 (Ala.Cr.App. 1993).
Here, the appellant filed his petition in Montgomery Circuit Court, rather than in Lee Circuit Court, the court of original conviction. See Rule 32.1, Ala.R.Crim.P. Under Rule 32.5, if the petition is filed in the wrong court, the circuit court in which the petition is filed must transfer the petition to the circuit court of original conviction, rather than dismiss the petition. Long v. State, 673 So.2d 856, 857 (Ala.Cr.App. 1996); Brooks v. State, 630 So.2d 485, 486 (Ala.Cr.App. 1993). Rule 32.5 states: "Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred." (Emphasis added.) Therefore, the Montgomery Circuit Court lacked jurisdiction to rule on the appellant's petition.[1]
The judgment of the Montgomery Circuit Court dismissing the petition is reversed, and this cause is remanded to that court with directions that it transfer the appellant's petition to the court of original conviction, i.e., the Circuit Court for Lee County, in accordance with Rule 32.5, Ala.R.Crim.P.
REVERSED AND REMANDED.
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
[1] Moreover, despite the fact that the record indicated that the Lee Circuit Court previously entered an order denying some type of post-conviction petition (C. 84), that court's order does not indicate that it considered the merits of the petition. Therefore, the Montgomery Circuit Court, even if it had jurisdiction, could not conclude that the appellant's present petition would be barred as successive, pursuant to Rule 32.2(b), Ala.R.Crim.P. See Blount v. State, 572 So.2d 498, 500-01 (Ala.Cr.App. 1990).