LONG, Presiding Judge.
Ronnie Barker appeals from the circuit court’s summary dismissal of his petition styled as a petition for a writ of habeas corpus. Upon pleading guilty, Barker was convicted in the Coosa County Circuit Court of manslaughter and of possession of a pistol after having been convicted of a crime of violence. This court affirmed Barker’s convictions on direct appeal in an unpublished memorandum issued on October 23, 1998. See Barker v. State, 744 So.2d 957 (Ala.Cr.App.l998)(table). Barker filed the present petition in the Circuit Court of Escambia County, the county of his incarceration. The Escambia Circuit Court summarily dismissed Barker’s petition on grounds that it failed to state a claim upon which relief could be granted.
A review of Barker’s petition, in which Barker attacks his guilty plea convictions, reveals that the claims asserted therein were properly cognizable in a Rule 32, Ala.R.Crim.P., petition, rather than by a petition for a writ of habeas corpus. “ ‘This court has consistently held that when a post-conviction petition styled as a petition for writ of habeas corpus is filed and the allegations raised in the petition are cognizable in a proceeding under Rule 32, Ala.R.Crim.P., the cause should be entertained in the court of original conviction.’ Glover v. State, 615 So.2d 1331, 1332 (Ala.Cr.App.1993).” Bandy v. State, 727 So.2d 892, 893 (Ala.Cr.App.1998). See, e.g., Magouirk v. State, 682 So.2d 507, 507-08 (Ala.Cr.App.1996); and Long v. State, 673 So.2d 856, 857 (Ala.Cr.App. 1995).
Rule 32.5, Ala.R.Crim.P., states: “Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.” “Under Rule 32.5, if the petition is filed in the wrong court, the circuit court in which the petition is filed must transfer the petition to the circuit court of original conviction, rather than dismiss the petition.” Bandy, 727 So.2d at 893. Thus, the Escambia Circuit Court lacked jurisdiction to rule on Barker’s petition. See Hiett v. State, 642 So.2d 492 (Ala.Cr.App. 1993). Instead of dismissing the petition, the Escambia Circuit Court should have transferred the petition to the Coosa Circuit Court, the court of original conviction, *989 in accordance with Rule 32.5, Ala. R.Crim.P.
The judgment of the Escambia Circuit Court dismissing Barker’s petition is reversed, and this cause is remanded to that court with directions that it transfer Barker’s petition to the Coosa Circuit Court.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.