LONG, Presiding Judge.
Bobby Carter appeals from the circuit court’s summary dismissal of his petition styled as a petition for a writ of habeas corpus. On October 21, 1981, Carter was convicted in the Jefferson County Circuit Court of capital murder; he was sentenced to life imprisonment without the possibility of parole. We affirmed his conviction and sentence on direct appeal in an opinion issued on October 4, 1983. See Carter v. State, 442 So.2d 150 (Ala.Cr.App.1983), cert. denied, 467 U.S. 1228, 104 S.Ct. 2682, 81 L.Ed.2d 877 (1984). Carter filed the present petition in the Circuit Court for Escambia County, the county of his incarceration. The Escambia Circuit Court summarily dismissed Carter’s petition on the ground that it failed to state a claim upon which relief could be granted.
A review of Carter’s petition, which challenges the validity of his conviction, reveals that the claims therein were properly cognizable in a Rule 32, Ala.R.Crim. P., petition, rather than in a petition for a writ of habeas corpus. In Bandy v. State, 727 So.2d 892 (Ala.Cr.App.1998), we stated:
“Contrary to the appellant’s contention, a petition for the writ of habeas corpus filed in state court is not the appropriate method by which to seek relief from a conviction or sentence. Drayton v. State, 600 So.2d 1088, 1090 (Ala.Cr.App.1992). ‘This court has consistently held that when a post-conviction petition styled as a petition for writ of habeas corpus is filed and the allegations raised in the petition are cognizable in a proceeding under Rule 32, Ala.R.Crim.P., the cause should be entertained in the court of original conviction.’ Glover v. State, 615 So.2d 1331, 1332 (Ala.Cr.App.1993).”
727 So.2d at 892-93. See also Magouirk v. State, 682 So.2d 507, 507-08 (Ala.Cr.App.1996); and Long v. State, 673 So.2d 856, 857 (Ala.Cr.App.1995).
Rule 32.5, Ala.R.Crim.P., states: “Petitions filed under this rule shall be filed in and decided by the court in which the petitioner was convicted. If a petition is filed in another court, it shall be transferred to the court where the conviction occurred.” “Under Rule 32.5, if the petition is filed in the wrong court, the circuit court in which the petition is filed must transfer the petition to the circuit court of original conviction, rather than dismiss the petition.” Bandy, 727 So.2d at 893. The Escambia Circuit Court lacked jurisdiction to rule on Carter’s petition. See Hiett v. State, 642 So.2d 492 (Ala.Cr.App.1993). Instead of dismissing the petition, the Es-cambia Circuit Court should have transferred the petition to the Jefferson Circuit Court, the court of original conviction, in accordance with Rule 32.5, Ala.R.Crim.P.
Accordingly, the judgment of the Es-cambia Circuit Court dismissing Carter’s petition is reversed, and this cause is remanded to that court with directions that it transfer the petition to the Jefferson Circuit Court.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.