BASCHAB, Judge.
On October 26, 1999, the appellant, Terry Mills, filed a petition for a writ of habeas corpus, challenging his 1988 guilty plea conviction for first-degree criminal *507 mischief and his 1993 guilty plea conviction for second-degree theft of property. Without requiring a response from the State, the circuit court summarily denied the petition. This appeal follows.
The appellant argues that the trial court did not have jurisdiction to accept his 1988 guilty plea to first-degree criminal mischief because he allegedly entered it pursuant to an information less than 15 days after he was arrested and less than 3 days after he gave notice of his intent to plead guilty. See § 15-15-22, Ala.Code 1975. He also argues that his 1993 guilty plea to second-degree theft of property was not valid because the indictment against him allegedly was not signed by the grand jury foreman and was not presented in the presence of at least 11 other grand jurors. See §§ 15-8-70 and 12-16-204, Ala.Code 1975. These are claims that are cognizable under Rule 32, Ala.R.Crim. P. See Long v. State, 675 So.2d 532 (Ala.Crim.App.1996); Smith v. State, 642 So.2d 518 (Ala.Crim.App.1994). We recognize that a circuit court may dismiss a petition for a writ of habeas corpus that raises claims that are cognizable under Rule 32, Ala. R.Crim. P., but that are clearly precluded, without returning the petition to the petitioner so he may file it in the proper Rule 32 format. See Lockett v. State, 644 So.2d 35 (Ala.Crim.App.1994). However, as the attorney general concedes on appeal, the appellant’s challenge to his 1988 first-degree criminal mischief conviction may be meritorious. See Ex parte Pardue, [Ms. 1980254, March 10, 2000]— So.2d — (Ala.2000). Furthermore, the appellant improperly challenges two separate proceedings in one petition.
“Paragraph (3) to the form attached as an appendix to Rule 32 states that ‘[o]nly the judgments entered in a single trial may be challenged in a particular petition.’ See also Bryant v. State, 565 So.2d 290 (Ala.Cr.App.1990) (quoting, with approval, the same provision in the appendix to Rule 20, Ala. R.Crim. P. Temp., which was the predecessor to Rule 32).”
Knight v. State, 727 So.2d 900, 900-01 (Ala.Crim.App.1999). Accordingly, we remand this case, to the circuit court with instructions that it return the petition to the appellant so he can file separate, properly completed, and verified Rule 32 petitions challenging his convictions.[1] See Chandler v. State, 669 So.2d 222 (Ala.Crim.App.1995).
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.

. Because the convictions the appellant challenges originated in Franklin County, any Rule 32 petition challenging those convictions should be filed in the Franklin Circuit Court. See Chandler, supra.