LONG, Presiding Judge.
On January 13, 2000, the appellant, Edward James, Jr., filed a petition styled as a “petition for a writ of habeas corpus” in the Circuit Court of Escambia County, the county where he is incarcerated, challenging the validity of his 1988 convictions for attempted murder, robbery in the first degree, and burglary in the first degree. Because the claims raised in James’s petition were cognizable under Rule 32, Ala. R.Crim.P., the Escambia Circuit Court transferred the petition to the Circuit Court of Jefferson County, the county where James was convicted. See Rule 32.5, Ala.R.Crim.P.; Bandy v. State, 727 So.2d 892, 893 (Ala.Crim.App.1998); Magouirk v. State, 682 So.2d 507, 507-08 (Ala.Crim.App.1996); and Long v. State, 673 So.2d 856, 857 (Ala.Crim.App.1995). On April 10, 2000, the Jefferson Circuit Court summarily dismissed James’s petition, stating as grounds the procedural bars in Rules 32.2(a)(3), (a)(5), and (c)(2), Ala. R.Crim.P.
A review of James’s petition reveals that the three convictions he challenges arose out of three separate trials: in case no. CC-88-829, on June 9, 1988, a jury found James guilty of attempted murder; in case no. CC-88-832, on June 13, 1988, a jury found James guilty of robbery in the first degree; and in case no. CC-88-1197, on August 31, 1988, a jury found James guilty of burglary in the first degree. Paragraph (3) to the form that is an appendix to Rule 32, Ala.R.Crim.P., states that “[ojnly the judgments entered in a single trial may be challenged in a particular petition.” Therefore, “a Rule 32 petition should be directed at only one proceeding.” LaBlanc v. State, 609 So.2d 9 (Ala.Crim.App.1992), citing Bryant v. State, 565 So.2d 290 (Ala.Crim.App.1990). See also Mills v. State, 771 So.2d 506 (Ala.Crim.App.2000); and Johnson v. State, 755 So.2d 74, 75 (Ala.Crim.App.1999). Because James’s petition addresses three separate proceedings, the Jefferson Circuit Court’s judgment is reversed, and this cause is remanded to the circuit court with directions that that court return the petition to James so he can file separate Rule 32 petitions challenging his convictions, if he so wishes.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.