BASCHAB, Judge.
In Case CC-80-594, the appellant, Anthony T. Heulett, pled guilty, on November 13, 1980, to third-degree burglary and second-degree theft of property, and the trial court sentenced him, on January 9, 1981, to serve two years in prison. In Case CC-83-667, the appellant pled guilty, on August 9,1983, to possession of a short-barreled shotgun, and the trial court sentenced him, on September 16, 1983, to serve a term of one year and one day in prison. In Case CC-87-280, on May 11, 1987, the appellant pled guilty to third- *743 degree burglary, and the trial court sentenced him to serve a term of ten years in prison. On October 4, 2000, the appellant filed petitions for a writ of habeas corpus, challenging his convictions. After the State responded, the circuit court treated the petitions as Rule 32 petitions, conducted an evidentiary hearing, and denied the petitions. This appeal followed.
The appellant argues that the trial court did not comply with the requirements of Rule 14.4, Ala. R.Crim. P., and did not advise him of his right to appeal when he entered his guilty pleas. These claims are precluded because they are time-barred. See Rule 32.2(c), Ala. R.Crim. P.
The appellant also argues that, in each case, the trial court did not allow him to make a statement on his own behalf before he was sentenced.[1] However, Defendant’s Exhibits 2 and 5, which are the sentencing orders in Cases CC-80-594 and CC-87-280, indicate that the appellant had an opportunity to make a statement before sentence was pronounced in each case. (C.R.215, 221.) Furthermore, with regard to Case CC-83-667, the appellant simply alleged that he did not have an opportunity to “make a statement ... immediately pri- or to or subsequent to any plea.” (R. 19.) In that case, he entered his plea on August 9, 1983, and the trial court sentenced him on September 16, 1983. Although he stated that he did not have an opportunity to make a statement when he entered his plea, he did not even allege, much less prove, that the trial court did not allow him to make a statement before it sentenced him. Therefore, he has not satisfied his burden of pleading and proof pursuant to Rules 32.3 and 32.6(b), Ala. R.Crim. P. For these reasons, the appellant is not entitled to post-conviction relief on this claim.
We recognize that the Appendix to Rule 32, Ala. R.Crim. P., states: “Only the judgments entered in a single trial may be challenged in a particular petition. If you seek to challenge judgments entered in different trials, either in the same county or in different counties, you must file separate petitions.” We further note that the appellant filed petitions for a writ of habe-as corpus rather than Rule 32 petitions. Therefore, we could reverse the circuit court’s judgment and order that court to return the petitions for the appellant to file three separate petitions in the form required by Rule 32, Ala. R.Crim. P. However, in Lockett v. State, 644 So.2d 34, 34 (Ala.1994), a procedurally similar case, the Alabama Supreme Court stated:
“The claims raised in Lockett’s petition for a writ of habeas corpus could have been raised on direct appeal; therefore, those claims are clearly precluded under Rule 32, A.R.Crim. P., and the trial court did not err in summarily dismissing the petition. Because Lock-ett’s claims are clearly precluded under Rule 32, there is no need to remand for an opportunity to file a proper Rule 32 petition.”
Also, in Maddox v. State, 662 So.2d 915, 916 (Ala.1995), the Alabama Supreme Court quoted with approval the following:
“ ‘Rule 32.7(d)[, Ala. R.Crim. P.,] also takes precedence, in some cases, over the Rule 32.6(a)[, Ala. R.Crim. P.,] requirement that the petition be filed *744 on the proper “form.” Our blind adherence to the holding of Drayton v. State, 600 So.2d 1088 (Ala.Cr.App.1992), is a literal exaltation of form over substance.
“ ‘It is ridiculous to remand this cause so that the appellant will have the opportunity to file a petition in the proper form that will be promptly dismissed. I dissent.’
“662 So.2d at 915.”
Similarly, we conclude that Rule 32.7(d), Ala. R.Crim. P., is dispositive in this case. It would be an exaltation of form over substance to remand this case to the circuit court so that court could return the petitions to the appellant and so the appellant could refile three separate petitions that, for the reasons set forth above, will be promptly dismissed.
For the above-stated reasons, the circuit court properly denied the appellant’s petitions. Accordingly, we affirm the circuit court’s judgment.
AFFIRMED.
McMILLAN, P.J., and COBB and WISE, JJ., concur; SHAW, J., concurs specially, with opinion.

. In his brief to this court, the appellant asserts that the State conceded that the trial court did not allow him to make a statement on his behalf before he was sentenced in each case. However, the State actually conceded only that the Explanation of Rights forms and the State’s exhibits did not show that the appellant was afforded an allocution in each case.