The appellant, Milton Lucas III, appeals the denial of his petition for postconviction filed pursuant to Rule 32, Ala.R.Crim.P. On October 16, 2002, Lucas filed a postconviction petition attacking four different convictions; the convictions occurred in 1990 and 1993. The trial court, after considering the merits, denied the petition; this appeal followed. According to Rule 32.1, Ala.R.Crim.P., as recently amended, the trial court's ruling is due to be reversed.
Effective August 1, 2002, Rule 32.1, Ala.R.Crim.P., was amended to provide as follows, "A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice." (Emphasis added.)[1]
 "Our supreme court has consistently held that the word `shall' is mandatory when used in a rule promulgated by that court. See Waites v. University of Alabama Health Services Foundation, 638 So.2d 838
(Ala. 1994); Ex parte Head, 572 So.2d 1276 (Ala. 1990); Jefferson County Commission v. F.O.P., 543 So.2d 198 (Ala. 1989)."
Martin v. Martin, 637 So.2d 901, 902 (Ala.Civ.App. 1994).
The trial court should have dismissed Lucas's petition without prejudice instead *Page 1129 
of ruling on the merits of the petition. According to Rule 32.2, Ala.R.Crim.P., the trial court's ruling is due to be reversed and remanded to the circuit court for that court to vacate its judgment denying Lucas's Rule 32 petition and to dismiss the petition without prejudice.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] Before this rule was amended, this Court had several approaches to a Rule 32 petition that attacked multiple convictions. See Heulett v.State, 842 So.2d 741 (Ala.Crim.App. 2002) (considered the merits of the petition as to all convictions challenged); Reese v. State, 796 So.2d 436
(Ala.Crim.App. 2001) (considered the merits of one conviction and vacated lower court's judgment as to other conviction); James v. State,781 So.2d 361 (Ala.Crim.App. 2000), and Johnson v. State, 755 So.2d 74
(Ala.Crim.App. 1999) (reversed the lower court's ruling on the petition and directed the court to give the defendant the opportunity to file separate petitions attacking each separate conviction). The amendment to Rule 32.1 resolves the problem created by multiple approaches.