COBB, Judge.
Lamos Gilbert appeals the denial of his Rule 32, Ala. R.Crim. P., petition. On August 21, 2002, Gilbert filed a petition attacking two different convictions. After an evidentiary hearing, the trial court denied the petition. This appeal followed.
As of August 1, 2002, Rule 32.1, Ala. R.Crim. P., provides that “[a] petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice.” In Lucas v. State, 855 So.2d 1128 (Ala.Crim.App.2003), this Court held that because the defendant’s petition challenged multiple judgments entered in more than a single trial or guilty-plea proceeding, the trial court should have dismissed the petition without prejudice instead of ruling on the merits.
The requirements of Rule 32.1, Ala. R.Crim. P., prevent the circuit court from obtaining jurisdiction to entertain allegations regarding multiple judgments challenged in a single petition. A filing fee or the approval of an in forma pauperis declaration must be obtained before the circuit court acquires jurisdiction to hear the claims presented in a Rule 32, Ala. R.Crim. P., petition. “[A]bsent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject matter jurisdiction” to consider a post-conviction petition. Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App.1997). Thus, a filing fee or an in forma pauperis declaration must be obtained for each judgment that is challenged pursuant to Rule 32.1, Ala. R.Crim. P. Moreover, when multiple judgments are challenged in a single petition this Court cannot discern, and this Court will not attempt to discern, which judgment is supported by the filing of a single filing fee or grant of a request to proceed in forma pauperis. Absence compliance with Rule 32.1, Ala. R.Crim. P., and Lucas, supra, the circuit court fails to acquire jurisdiction and the petition will be returned to the circuit court to with instructions to dismiss the petition without prejudice.
Therefore, in accordance with Rule 32.1, Ala. R.Crim. P., and Lucas, supra, because Gilbert challenged two separate convictions in one petition, the trial court was without jurisdiction to rule on the merits of the petition, but should have dismissed Gilbert’s petition without prejudice. The trial court’s ruling is due to be reversed and the cause must be remanded to the circuit court. The circuit court is ordered to vacate its judgment denying the petition and to dismiss the petition without prejudice.
REVERSED AND REMANDED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.