BASCHAB, Judge.
On October 17, 1989, the appellant, Joseph Anthony Carr, was convicted of first-degree assault in case number CC-89-505. On November 20, 1989, the trial court sentenced him to serve a term of twenty years in prison. On December 14, 1989, the appellant pled guilty to first-degree sodomy in case number CC-89-504, and the trial court sentenced him to serve a term of twenty-five years in prison. On April 16, 2003, the appellant filed a postconviction petition, challenging his convictions.[1] After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
In his petition, the appellant challenges his first-degree sodomy conviction in case number CC-89-504 and his first-degree assault conviction in case number CC-89-
505. Furthermore, in its order dismissing the petition, the circuit court addressed the merits of the petition. Rule 32.1, Ala. R.Crim. P., provides, in pertinent part:
“A petition that challenges multiple judgments entered in more than a single trial or guilty-plea proceeding shall be dismissed without prejudice.”
Because the appellant challenged, in a single petition, multiple judgments that had been entered in multiple proceedings, the circuit court should have dismissed the petition without prejudice rather than ruling on the merits of the petition. See Lucas v. State, 855 So.2d 1128 (Ala.Crim.App.2003). Accordingly, we reverse the circuit court’s judgment and remand this case for the circuit court to set aside its order dismissing the appellant’s petition on *933 the merits and to dismiss the petition without prejudice.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. The appellant originally filed his petition in the Bullock Circuit Court and styled it as a petition for a writ of habeas corpus. However, the Bullock Circuit Court transferred it to the Houston Circuit Court to be treated as a Rule 32 petition.