PER CURIAM.
The Citizenship Trust; Tom Walker, individually and in his capacity as executive director of the Citizenship Trust; Michael Sparks, individually and in his official capacity as director of the Alabama Department of Forensic Sciences; and Michael Hudson, individually and in his official capacity as comptroller of the State of Alabama, appeal from a preliminary injunction entered in favor of Mary Kathleen Keddie-Hill,[1] Cheryl Tillman, and Justin *101 Hammond. Keddie-Hill, Tillman, and Hammond cross-appeal from the trial court’s denial of their motion for class certification. We reverse the trial court’s order issuing the injunction, affirm its order denying class certification, and dismiss the appeal as to Hammond.

Facts

I. Act No. 2009-768

In 2009, the Alabama Legislature passed Act No. 2009-768, which provides:
“AN ACT
“Relating to criminal procedure; to allow an individual convicted of a capital offense who is serving a term of imprisonment or awaiting execution for a capital offense to file a motion to obtain forensic DNA testing on evidence that was secured in relation to the trial that resulted in his or her conviction; to provide that notice be given to the state when an individual files a motion for DNA testing; to specify the information to be included in the motion; to specify certain findings the court would make before ordering forensic DNA testing; to provide for testing procedures and post-testing procedures; to amend Sections 86-18-24, 86-18-25, and 36-18-32, Code of Alabama 1975, relating to DNA database; to provide under certain conditions for DNA testing of all persons arrested for a felony offense after October 1, 2010, or for any sexual offense; to increase the DNA database fee in all municipal, district, and circuit court criminal cases and certain other proceedings; to provide for distribution of the fee; and to provide for an appropriation, for the fiscal year ending September 30, 2009, and September 30, 2010. “BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
[[Image here]]
“Section 2. Sections 36-18-24, 36-18-25, and 36-18-32, Code of Alabama 1975, are amended to read as follows:
[[Image here]]
“ § 36-18-32
“(a) There is hereby established a special fund to be known as the Alabama DNA Database Fund.
[[Image here]]
“(e) Monies deposited in the Alabama DNA Database Fund may be expended by the Director of the Alabama Department of Forensic Sciences in accordance with the provisions of this article....
[[Image here]]
“(h) In all municipal, district, and circuit court civil cases ... a fee in the amount of two dollars ($2) shall be assessed and collected. In all municipal, district, and circuit court criminal cases ... a fee in the amount of twelve dollars ($12) shall be assessed and collected. The fee shall be collected by the court clerk and remitted as follows:
“(1) Alabama DNA Database Fund,
“a. For fiscal years 2009 and 2010, $7.
“b. For fiscal year 2011, $8.
“c. For fiscal year 2012 and thereafter, $11.
“(2) Citizenship Trust pursuant to Section 16-44A-30, Code of Alabama 1975, for the purposes described in Section 4 of this act.
“a. For fiscal years 2009 and 2010, $5.
“b. For fiscal year 2011, $4.
“c. For fiscal year 2012 and thereafter, $1....
[[Image here]]
*102 “Section 4. It is the intent of this act to effect the changes provided in criminal procedure, and concurrently, to reduce criminal conduct by promoting good citizenship education. The amounts specified by this act to be remitted to the Citizenship Trust (‘Trust’) shall be appropriated, expended, and audited in the manner provided by Act 2008-551 and Section 16-44A-30, et seq., Code of Alabama 1975, of which one half shall be for the David Mathews Center for Civic Life.... ”

II. Underlying Proceedings

A.Keddie-Hill’s Traffic Citation

In September 2009, Keddie-Hill received a citation in the mail charging her with running a stop sign in the City of Montgomery. On October 2, 2009, Ked-die-Hill pleaded guilty to the traffic violation and paid the fines and court costs assessed against her in the case, including the $12 “DNA database fee” assessed pursuant to Act No. 2009-768. Along with the fee, Keddie-Hill submitted a letter from her attorney that stated:
“This firm represents Ms. Keddie-Hill, and she submits this payment in full, but she is paying the additional $10.00 required by Act 2009-768 under protest. She does not believe that the addition [sic] $10.00 charge is valid.”
The record contains an affidavit in which Keddie-Hill testified as follows:
“I paid the DNA Database Fee charged in connection with the above-mentioned citation under protest.... While I protested $10.00 of the payment in [the letter written by her attorney], I have now been told that only $5.00 of the fee collected was unconstitutional.
“... I could not afford a lawyer to challenge the portion of the fee that I consider unconstitutional, that $5.00 portion that is being submitted to The Citizenship Trust, because it would have cost me far more to do so than I would have received.
“... I did not wish to challenge the citation or the judgment of the Municipal Court against me as I was guilty of the traffic violation.”

B. Tillman’s Traffic Citation

On October 2, 2009, Cheryl Tillman received a citation for speeding in Greene County. The citation stated: “This case can be settled without a court appearance by payment of the ordered amount,” ie., $183, which included the $12 “DNA database fee.”
The record contains an affidavit by Cheryl Tillman in which she testifies as follows:
“I pleaded guilty to this traffic violation and since that time I have paid to the district court of Greene County all fines and court costs assessed against me in that case, including the $12.00 fee required by Act 2009-768.
[[Image here]]
“... I could not afford a lawyer to challenge the portion of the fee that I consider unconstitutional, that $5.00 portion that is being submitted to The Citizenship Trust, because it would have cost me far more to do so than I would have received.
[[Image here]]
“... I did not wish to challenge the citation or the Judgment of the Greene County District Court against me as I was guilty of the traffic violation.”

C. Hammond’s Traffic Citation

The record contains an affidavit by Justin Hammond in which he testifies as follows:
*103 “On November 1, 2009, I, Justin Hammond, received a citation for speeding in Jefferson County. A court appearance is set on December 14, 2009 before the Honorable Sheldon Watkins in the District Court of Jefferson County. Should I plea[d] or be found guilty I anticipate being ordered to pay fines and court costs assessed against me in that case, including the $12.00 fee required by Act 2009 — T 68. [2]
[[Image here]]
“... I can’t afford a lawyer to challenge the portion of the fee that I consider unconstitutional, that $5.00 portion that is being submitted to The Citizenship Trust, because it would cost me far more to do so than what I would save.”

III. Procedural History

On October 7, 2009, Keddie-Hill, individually and as representative of all individuals who had paid the $12 fee required by Act No. 2009-768, filed a complaint against the Citizenship Trust, Walker (individually and in his capacity as executive director of the Citizenship Trust), Sparks (individually and in his official capacity as director of the Alabama Department of Forensic Sciences), and Hudson (individually and in his official capacity as comptroller of the State of Alabama) (hereinafter referred to collectively as “the defendants”). Keddie-Hill alleged that that portion of Act No. 2009-768 allocating a portion of the $12 DNA database fee to the Citizenship Trust was unconstitutional on several grounds, including, she alleged, on grounds that the act violated Art. IV, §§ 45[3] and 61,[4] Ala. Const. 1901. Among other things, Ked-die-Hill sought a preliminary injunction prohibiting the defendants from disbursing the funds collected pursuant to Act No. 2009-768. In addition, she sought a judgment declaring the disputed portion of Act No. 2009-768 unconstitutional and a permanent injunction requiring the defendants to return to the appropriate circuit, district, and municipal clerks the money disbursed to the defendants from the collection of the fee. Keddie-Hill subsequently amended her complaint to add Tillman and Hammond as named plaintiffs. (Keddie-Hill, Tillman, and Hammond, in their individual capacities and as putative class representatives, will be referred to hereinafter as “the plaintiffs.”) The plaintiffs also requested that all fees disbursed to the Citizenship Trust pursuant to Act No. 2009-768 be returned to the putative class members or, alternatively, be distributed pursuant to the cy pres doctrine after provision was made for payment of the plaintiffs’ attorneys fees.
On November 2, 2009, the plaintiffs filed a motion for class certification or, in the alternative, for provisional class certification pending a hearing on the issue. On January 8, 2010, the trial court denied the motion without holding a hearing on the issue of class certification. Also in its January 8, 2010, order, the trial court issued a preliminary injunction requiring the defendants to escrow all funds received by them pursuant to Act No. 2009-768.
*104 On January 22, 2010, the defendants appealed the preliminary injunction to this Court. On February 5, 2010, the plaintiffs filed a notice of cross-appeal seeking review of the denial of their motion for class certification.[5]

Standard, of Review

In reviewing the grant or denial of a preliminary injunction, “ ‘[w]e review the [trial] [c]ourt’s legal rulings de novo and its ultimate decision to issue the preliminary injunction for abuse of discretion.’ ” Holiday Isle, LLC v. Adkins, 12 So.3d 1173, 1176 (Ala.2008) (quoting Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 428, 126 S.Ct. 1211, 163 L.Ed.2d 1017 (2006)).
“A preliminary injunction should be issued only when the party seeking an injunction demonstrates:
“ ‘ “(1) that without the injunction the [party] would suffer irreparable injury; (2) that the [party] has no adequate remedy at law; (3) that the [party] has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the [party opposing the preliminary injunction] by the injunction would not unreasonably outweigh the benefit accruing to the [party seeking the injunction].” ’ ”
Holiday Isle, 12 So.3d at 1176 (quoting Orroco Corp. v. Johns, 869 So.2d 1109, 1113 (Ala.2003), quoting in turn Perley v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.1994) (alterations in Holiday Isle)).

Analysis

I. The Appeal and Cross-Appeal With Respect to Keddie-Hill and Tillman

Rule 32.1(a) and (c), Ala. R.Crim. P., provide:
“Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
“(a) The constitution ... of the State of Alabama requires ... a new sentence proceeding, or other relief.
[[Image here]]
“(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.”
In the underlying action, Keddie-Hill and Tillman seek an order declaring unconstitutional Act No. 2009-768, under which they (and the putative class members they seek to represent) were required to pay a $12 DNA database fee. They seek an injunction remedying the payment of the allegedly unconstitutional fine by ordering the defendants to refund the fees or, alternatively, an order making distribution of those fees pursuant to the cy pres doctrine. Thus, the present proceeding is a collateral proceeding to secure relief from criminal sentences on constitutional grounds. See Rule 26.11(c) and (j), Ala. R.Crim. P. (“Docket fees and other costs in criminal cases shall be assessed upon conviction.... Court costs shall be deemed part of the penalty and the same procedures provided herein for nonpayment of fines shall apply for nonpayment of costs.”); Manning v. Wingo, 577 So.2d 865, 867 (Ala.1991) (“ ‘[A] collateral attack on a judgment is an attack made by or in an action or proceeding that has an independent purpose other than impeaching or overturning the judgment.’ Black’s Law Dictionary 237 (5th ed.1979).”).
*105 However, Keddie-Hill and Tillman argue that this proceeding should not be governed by the usual rules that apply to collateral attacks on criminal judgments because, they argue, an appeal would cost more to prosecute than any portion of the $12 DNA database fee they might recover were they to prevail on appeal. Although the cost of an appeal might outweigh any potential monetary benefit to Keddie-Hill, Tillman, and the putative class members, that alone is not a sufficient reason to depart from the plain language of our rules of procedure or the legal precedent cited above. We have held that Rule 32 applies to postconviction challenges to death sentences. See, e.g., Ex parte Dobyne, 805 So.2d 763, 766-67 (Ala.2001). Rule 32 also applies to postconviction challenges to sentences of life imprisonment without the possibility parole. See, e.g., Rivera v. State, 615 So.2d 659, 660 (Ala.Crim.App.1992) (opinion on rehearing). Rule 32 applies likewise to a postconviction challenge to a portion of a court cost. Cf. Tarver v. State, 761 So.2d 266, 268 (Ala. Crim.App.2000) (“[W]e have repeatedly held that the procedural bars in Rule 32 apply equally to all cases, including those in which the death penalty has been imposed. See Nicks v. State, 783 So.2d 895 (Ala.Cr.App.1999); Horsley v. State, 675 So.2d 908 (Ala.Cr.App.1996); Thompson v. State, 615 So.2d 129 (Ala.Cr.App.), cert. denied, 510 U.S. 976, 114 S.Ct. 467, 126 L.Ed.2d 418 (1993).”).
Keddie-Hill and Tillman cite Brown v. State, 565 So.2d 585 (Ala.1990) (plurality opinion), in support of their argument that they may proceed with a civil class action to challenge the DNA database fee. In Brown, the plaintiffs filed a class action against the State of Alabama, the City of Montgomery, and others. The plaintiffs had been convicted of traffic offenses based on improperly verified Uniform Traffic Ticket and Complaints (“UTTCs”). 565 So.2d at 586. Their complaint was styled “Petition for Writ of Habeas Corpus or in the Alternative Bill for Declaratory Judgment or Other Injunctive Relief.” Id. In it, “[t]hey sought to have all improperly verified UTTC convictions expunged from the records and to have all fines and costs paid as a result of the convictions refunded to the plaintiffs.” Id. Six Justices of this Court concurred to affirm the trial court’s denial of that relief. The Court stated:
“The members of the plaintiff class were put to trial on, or pleaded guilty to, charges to which no person had sworn on oath before a judge or other official. They cannot be said to have waived the defect, because it was not apparent on the face of the UTTC that it was defective. However, their attack on the judgments is a collateral one, coming many years after the judgments were entered. They now seek to have the judgments vacated and the fines refunded. They cannot prevail on these claims.”[6]
565 So.2d at 590 (emphasis added).
In light of Brown and the plain language of the Alabama Rules of Criminal Procedure, we hold that, because this is a civil proceeding collaterally attacking the judgments in criminal cases, it falls within the scope of Rule 32, Ala. R.Crim. P. See Rule 32.1, supra; see also Ex parte Powell, 641 So.2d 772, 775 (Ala.1994) (“Rule 32, Ala. R.Crim. P., provides a procedure for securing the post-conviction relief from a conviction or sentence previously provided by either a writ of habeas corpus or a writ of error coram nobis. H. Maddox, Alabama Rules of Criminal Procedure, § 32.0 *106 (1990).”). Accordingly, we must treat this action as we would any other Rule 32 proceeding. Rule 32.4, Ala. R.Crim. P. (“A proceeding under [Rule 32] displaces all post-trial remedies except post-trial motions under Rule 24 and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule.” (emphasis added)); Rivera v. State, 615 So.2d 659, 660 (Ala.Crim.App.1992) (opinion on rehearing) (“[B]ecause the petition sought relief from a sentence, it should have been treated as a proceeding under Rule 32.” (citing Rule 32.4, Ala. R.Crim. P.)).
We note that, when this Court decided Brown in 1990, the Temporary Rules of Criminal Procedure were in effect. Those rules contained counterparts to the current Rule 32.1(a) and (c), Ala. R.Crim. P. Unlike the current Rule 32.1, however, the Temporary Rules in place when Brown was decided did not prohibit petitions for postconviction relief from “multiple judgments entered in more than a single trial or guilty-plea proceeding.” Rule 32.1, Ala. R.Crim. P. Rule 32.1, however, requires that such petitions “shall be dismissed without prejudice.” Accordingly, with respect Keddie-Hill and Tillman, the preliminary injunction entered by the trial court is vacated, the order denying class certification is affirmed, and the court is ordered to dismiss the case as to Keddie-Hill and Tillman without prejudice.

II. The Preliminary Injunction with respect to Hammond and Hammond’s Cross-Appeal of the Denial of Class Certification

As to the appeal of the injunctive relief in favor of Hammond, the issue before us is the propriety of a preliminary injunction entered in aid of an action seeking declaratory and injunctive relief as to the alleged unconstitutionality of a penalty in Hammond’s pending criminal proceeding. The trial court was without subject-matter jurisdiction, however, to grant such preliminary relief or to entertain the underlying action brought by Hammond. “The general rule is that a court may not interfere with the enforcement of criminal laws through a civil action....” Tyson v. Macon County Greyhound Park, Inc., 43 So.3d 587, 589 (Ala.2010) (holding that, with exceptions not applicable here, courts are without subject-matter jurisdiction to adjudicate in civil proceedings matters that should be decided in criminal proceedings or related forfeiture actions for which the legislature has provided). See 22A Am. Jur.2d Declaratory Judgments § 57 (2003) (“A declaratory judgment will generally not be granted where its only effect would be to decide matters which properly should be decided in a criminal action.” (quoted with approval in Tyson, 43 So.3d at 589)). Accordingly, the trial court was without subject-matter jurisdiction over the action brought by Hammond. The trial court’s order granting preliminary injunctive relief and denying class certification is due to be vacated; Hammond’s action, as well as the present appeal, are due to be dismissed without prejudice.

Conclusion

The trial court’s order issuing the preliminary injunction is reversed, the order denying class certification is affirmed, and the case is remanded for the trial court to dismiss the case without prejudice. As to the appeal brought by Hammond, that appeal is dismissed.
1090545 — REVERSED AND REMANDED.
1090625 — AFFIRMED IN PART; APPEAL DISMISSED IN PART.
*107 WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.
SHAW, J., concurs in the result.
COBB, C.J., concurs in the rationale in part and concurs in the result.
LYONS, J., concurs in the rationale in part and dissents from the judgment.

. In briefs to this Court, the parties at times refer to Keddie-Hill as “Katherine Keddie-Hill.” The record, however, supports the *101 conclusion that Keddie-Hill's name is “Mary Kathleen Keddie-Hill.”

. As of the time Hammond filed his brief in the present appeal, the district court had not yet disposed of Hammond’s speeding citation.

. Alabama Const. 1901, Art. IV, § 45, provides, in pertinent part:
"Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes....”

.Alabama Const. 1901, Art. IV, § 61, provides, in pertinent part:
"[N]o bill shall be so altered or amended on its passage through either house as to change its original purpose.”

. Additionally, on February 19, 2010, the defendants filed a petition for writ of mandamus in this Court seeking dismissal of the case for lack of jurisdiction on grounds of State immunity and lack of standing. On March 10, 2010, this Court dismissed the petition without a written opinion. Ex parte Citizenship Trust (No. 1090676, March 10, 2010).

. Although Brown was a plurality opinion, three Justices concurred completely in the main opinion, and three additional Justices concurred in the portion of the main opinion that included this quote.