Rel: May 3, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

### SC-2023-0945

_____

**Raymond Shane Greene**

**v.**

**Nicki E. Patterson**

**Appeal from Mobile Circuit Court**
**(CV-23-901385)**

SELLERS, Justice.

Raymond Shane Greene appeals from an order of the Mobile Circuit

Court granting Nicki E. Patterson's motion to dismiss an action that

Greene purportedly commenced pursuant to Rule 60(b), Ala. R. Civ. P. We affirm.

Facts and Procedural History

In November 2015, Greene was convicted of rape in the first degree, a violation of § 13A-6-61(a)(3), Ala. Code 1975; sodomy in the first degree, a violation of § 13A-6-63, Ala. Code 1975; and sexual abuse of a child under 12 years of age, a violation of § 13A-6-69.1, Ala. Code 1975. The trial court sentenced Greene to life imprisonment for the rape conviction, 99 years' imprisonment for the sodomy conviction, and 10 years' imprisonment for the sexual-abuse conviction; the sentences for rape and sodomy were ordered to run consecutively, and the sexual-abuse conviction was ordered to run concurrently with the other two.

Greene was initially tried for the above-stated offenses in August 2015, but that trial resulted in a mistrial based on the State's inadvertent failure to provide defense counsel with certain evidence, which prejudiced the trial. A transcript of the August 2015 trial proceedings indicates that, although defense counsel asked for the mistrial, counsel, nonetheless, represented to the trial judge that there had been no bad faith on the part of the State in failing to provide the evidence and that double jeopardy

therefore would not bar a second trial. Based on those representations and the totality of the circumstances, the trial court declared a mistrial. Following the mistrial, Greene filed a motion to dismiss the charges against him on the ground of double jeopardy stemming from alleged prosecutorial misconduct. The trial court presumably denied that motion, because Greene was retried in November 2015, convicted of the charged offenses, and sentenced as previously indicated.

On July 7, 2023, Greene, acting pro se, purported to commence in the Mobile Circuit Court ("the circuit court") an action pursuant to Rule 60(b), Ala. R. Civ. P., arguing, in relevant part, that his November 2015 criminal convictions were due to be set aside on double-jeopardy grounds.[1] In that action, Greene accused Patterson, the assistant district attorney who had prosecuted him in the August 2015 trial, of prosecutorial misconduct. Specifically, he claimed that, because Patterson's misconduct had caused the mistrial, his second trial violated

---

[1]Rule 60(b), Ala. R. Civ. P., provides that "[t]his rule does not limit the power of a court to entertain an independent action within a reasonable time and not to exceed three (3) years after the entry of the judgment (or such additional time as is given by § 6-2-3 and § 6-2-8, Code of Alabama 1975)."

the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The action was docketed as case no. CV-23-901385, and Patterson was served with the summons and complaint. The Mobile County District Attorney's Office, on behalf of Patterson, filed a motion to dismiss, pursuant to Rule 12(b), Ala. R. Civ. P., on the grounds that the circuit court lacked subject-matter jurisdiction over the complaint, that the complaint failed to state a cause of action upon which relief could be granted, that the claims asserted in the complaint were barred by the applicable statute of limitations, and that Patterson was entitled to State-agent and prosecutorial immunity. The circuit court, thereafter, entered an order granting Patterson's motion to dismiss. Greene filed a postjudgment motion to alter, amend, or vacate, which the circuit court denied. This appeal followed.

<u>Discussion</u>

The dispositive issue on appeal is whether the circuit court properly granted Patterson's motion to dismiss. We review the circuit court's ruling on the motion to dismiss without a presumption of correctness. <u>Nance v. Matthews</u>, 622 So. 2d 297, 299 (Ala. 1993). Greene seeks relief from his 2015 criminal convictions through an independent action

4

purportedly commenced pursuant to Rule 60(b).[2] However, Rule 1, Ala. R. Civ. P., states that the rules of civil procedure govern "all actions of a civil nature." The Committee Comments on 1973 Adoption of Rule 1 further state that the rules of civil procedure "have no application in criminal proceedings." Rather, Rule 32, Ala. R. Crim. P., exclusively governs postconviction-relief litigation under Alabama law. In fact, Rule 32.1, Ala. R. Crim. P., states, in relevant part, that "any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief …." See also Rule 32.4, Ala. R. Crim. P. ("A proceeding under [Rule 32] displaces all post-trial remedies except post-trial motions under Rule 24[, Ala. R. Crim. P.,] and appeal. Any other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."). In Citizenship Trust v. Keddie-Hill, 68 So. 3d 99, 106 (Ala. 2011), this

---

[2]Greene cites Gonzalez v. Crosby, 545 U.S. 524 (2005), for the proposition that commencing an action pursuant to Rule 60(b) is a proper means by which to challenge his criminal convictions. Gonzalez, however, is inapplicable because it concerns the use of Rule 60(b), Fed. R. Civ. P., in federal habeas corpus proceedings. See also, e.g., Bandy v. State, 727 So. 2d 892, 893 (Ala. Crim. App. 1998) (noting that "a petition for the writ of habeas corpus filed in state court is not the appropriate method by which to seek relief from a conviction or sentence").

Court specifically held that trial courts lack subject-matter jurisdiction over civil actions purporting to collaterally attack judgments in criminal cases. See also Tyson v. Macon Cnty. Greyhound Park, Inc., 43 So. 3d 587, 589 (Ala. 2010) (holding that, with exceptions not applicable here, courts "may not interfere with the enforcement of criminal laws through a civil action"). That is essentially the same situation we have here; Greene has attempted to use a civil action to challenge the propriety of his convictions by suing the prosecuting attorney. In light of the plain language of Rule 1, Ala. R. Civ. P., the Committee Comments thereto, and this Court's existing caselaw, a state prisoner such as Greene may not use a rule of civil procedure to collaterally attack a criminal judgment; rather, Rule 32, Ala. R. Crim. P., provides the exclusive remedy for challenging a final judgment of conviction. Because the circuit court lacked subject-matter jurisdiction to entertain Greene's civil action, it properly granted Patterson's motion to dismiss.[3]

---

[3]The circuit court did not indicate in its order a specific ground on which it granted Patterson's Rule 12(b) motion to dismiss. However, it is well settled that "this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court." Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So. 2d 1013, 1020 (Ala. 2003).

<u>Conclusion</u>

For the foregoing reasons, the circuit court's order granting Patterson's motion to dismiss is affirmed.

AFFIRMED.

Wise, Mendheim, Stewart, and Cook, JJ., concur.

Parker, C.J., and Shaw, J., concur in the result.

Mitchell, J., dissents, with opinion, which Bryan, J., joins.

MITCHELL, Justice (dissenting).

I respectfully dissent because I believe that exclusive appellate jurisdiction of this matter lies with the Court of Criminal Appeals, not our Court. I would therefore transfer this appeal to the Court of Criminal Appeals and allow that court to decide it.

I agree with the majority opinion that Raymond Shane Greene has attempted to "use a rule of civil procedure to collaterally attack a criminal judgment." ___ So. 3d at ___. Greene purported to file his complaint under Rule 60(b), Ala. R. Civ. P., a rule of <u>civil</u> procedure that can relieve a party from a "final judgment, order, or proceeding." But the only "final judgment[s], order[s], or proceeding[s]" here are Greene's criminal convictions. The substance of Greene's complaint is also telling: the only relief he sought was the vacatur of his convictions. Because this Court "treat[s] a pleading and any other filing according to its substance, rather than its form or its style," <u>Ex parte Bender Shipbuilding & Repair Co.</u>, 879 So. 2d 577, 584 (Ala. 2003), I agree with the majority opinion that we should treat Greene's complaint as a petition under Rule 32, Ala. R. Crim. P., which "provides the exclusive remedy for challenging a final judgment of conviction." ___ So. 3d at ___; <u>see</u> Rule 32.4, Ala. R. Crim. P. (stating

8

that, with few exceptions that do not apply here, "any … post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under [Rule 32]").

The majority leaps from those observations to a discussion of the merits of the appeal, including a dispute over the trial court's subject-matter jurisdiction. But before analyzing the trial court's jurisdiction, we must examine our own. And because this case -- despite its label as a civil action -- is actually criminal in nature, appellate jurisdiction lies only with the Court of Criminal Appeals, not our Court. That is because, under Alabama law, "[t]he Court of Criminal Appeals has <u>exclusive</u> appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances, habeas corpus and all felonies, <u>including all post conviction writs in criminal cases</u>." § 12-3-9, Ala. Code 1975 (emphasis added).

Paradoxically, by reaching the merits of this appeal, the majority opinion treats the case as a civil matter for purposes of determining our jurisdiction while simultaneously holding that this is a criminal matter for purposes of determining whether the trial court had jurisdiction. This contradictory approach cannot be squared with either the text of § 12-3-9

9

or our longstanding recognition that substance, not form, controls.  <u>See,</u>

<u>e.g.</u>, <u>Lockhart v. Phenix City Inv. Co.</u>, 488 So. 2d 1353 (Ala. 1986).

I would transfer this appeal to the Court of Criminal Appeals and

allow that court to decide it.  I therefore respectfully dissent.

Bryan, J., concurs.